UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    Chapter 15

PROBANK S.A., PROBANK PARTICIPAÇÕES S.A.,                 Case No.:
VIA TELECOM S.A., VIA PARTICIPAÇÕES S.A.,

      Debtors in a Consolidated Foreign Proceeding.
_____/

## VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 AND REQUEST FOR HEARING

Dr. Sérgio Mourão Corrêa Lima of Belo Horizonte, Brazil, as duly appointed Judicial Administrator and Foreign Representative ("Trustee") [1] of the consolidated proceedings of Probank S.A., Probank Participações S.A., Via Telecom S.A., and Via Participações S.A., petitions this Court for entry of an order pursuant to § 1517 of the Bankruptcy Code, recognizing as a foreign main proceeding a bankruptcy proceeding ("Probank Proceeding") pending before the Second Business Court of the City of Belo Horizonte, State of Minas Gerais, Brazil ("Brazilian Court"), granting related relief pursuant to §§ 1520 and 1521, and granting any additional relief which may be available under Chapter 15 of the Bankruptcy Code.

## PRELIMINARY STATEMENT

1.     The Trustee files this Petition under 11 U.S.C. § 1504 seeking recognition of the Probank Proceeding pending in the Brazilian Court as a foreign main proceeding, as defined by

---

[1] In Brazil, a "Judicial Administrator" provides similar services to those of a trustee of a bankrupt estate in the United States. That is, a Judicial Administrator marshals assets for the estate, summarily adjudicates claims of creditors, commences and maintains litigation to recover assets, and uses proceeds from the liquidated assets of the estate to make distributions to proven creditors of the debtor.

11 U.S.C. § 1502(4), and seeking relief under §§ 1520, 1521, and any additional relief under Chapter 15 of the Bankruptcy Code.

2.      As described in greater detail below, the Probank Proceeding is a consolidation of four proceedings concerning related entities.  In compliance with § 1515, the respective orders placing the related entities into court-supervised liquidation proceedings under Brazilian bankruptcy law, the orders consolidating the proceedings into one, and the translations of those orders are attached as **Composite Exhibit A**.

3.      A certificate of the Brazilian Court confirming the existence of the Probank Proceeding and the appointment of the Trustee is attached as **Exhibit B**.

4.      On August 27, 2014, the Brazilian Court entered an Order, on petition by the Trustee, authorizing the filing of this Chapter 15. The petition and the order and their translations are attached hereto as **Composite Exhibit C**.

5.      As required by § 1515(c) and Federal Rule of Bankruptcy Procedure 1007(a)(4), a Statement of the Trustee identifying all foreign proceedings with respect to the debtors; and a list – containing the names and addresses of all persons or bodies authorized to administer the Probank Proceeding, parties to litigation pending in the United State in which the debtors are parties, and all entities against whom § 1519 relief is sought – is attached as **Exhibit D**.

6.      Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, a Statement of Corporate Ownership is attached as **Exhibit E**.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 109 and 1501.

8.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(p).

9.    Venue is proper in this district under 28 U.S.C. § 1410.

## FACTUAL BACKGROUND

**The Probank Bankruptcy Proceeding**

10.    The Probank Bankruptcy Proceeding is a consolidation of the bankruptcy proceedings of the following four entities:

    a.  Probank S.A. ("Probank");

    b.  Probank Participações S.A. ("Probank Participations");

    c.  Via Telecom S.A. ("Via"); and

    d.  Via Participações S.A ("Via Participations") (collectively "Probank Entities").

11.    In December 2010, Probank filed a petition for court-supervised reorganization seeking to reorganize its debts under Brazilian bankruptcy law. Ultimately finding that reorganization was not feasible, Probank filed a voluntary petition for liquidation. On September 11, 2013, the Brazilian Court entered an order converting the reorganization proceeding to a court-supervised liquidation proceeding and appointing the Trustee. This order and its translation are attached hereto as part of **Composite Exhibit A**.

12.    In July 2013, Probank Participations filed a voluntary petition for liquidation under Brazilian bankruptcy law. On December 2, 2013, the Brazilian Court entered an order commencing Probank Participations' court-supervised liquidation proceeding and appointing the Trustee. This order and its translation are attached hereto as part of **Composite Exhibit A**.

13.    In August 2011, Via filed a petition for Court-supervised reorganization seeking to reorganize its debts under Brazilian bankruptcy law. Ultimately finding the reorganization was not feasible, Via filed a voluntary petition for liquidation. On January 28, 2014, the Brazilian Court entered an order converting the reorganization proceeding to a court-supervised liquidation

3

proceeding, appointing the Trustee, and consolidating the Via proceeding with the Probank Proceeding. This order and its translation are attached hereto as part of **Composite Exhibit A**.

14.     In July 2013, Via Participations filed a voluntary petition for liquidation under Brazilian bankruptcy law. On July 3, 2014, the Brazilian Court entered an order commencing Via Participations' Court-supervised liquidation proceeding, appointing the Trustee, and consolidating the Via Participations proceeding with the Probank Proceeding. This order and its translation are attached hereto as part of **Composite Exhibit A**.

15.     The Brazilian Court otherwise entered orders that, among other things, consolidated all proceedings of the Probank Entities into one proceeding – the Probank Proceeding. These orders and its translations are attached hereto as part of **Composite Exhibit A**.

16.     The entering of the above-mentioned orders, the consolidation of the four proceedings, and the omnibus appointment of the Trustee, are confirmed by the Certificate of the Clerk of the Brazilian Court, attached as **Exhibit B**.

17.     During the course of the Bankruptcy Proceedings, the Brazilian Court extended the Bankruptcy Proceeding to cover approximately 16 entities and 13 individuals found to be related or associated with the Probank Entities or the underlying wrongful acts related thereto,[2] specifically: Engetec Tecnologia, S.A., Multiplier Participações Ltda., Investgroup Participações Ltda., Allig Investments Ltd., Prime Service Administradora e Corretora de Seguros Ltda.,

---

[2] Under Brazilian bankruptcy law, where there has been "patrimonial confusion" of assets of a company with those of another person; or if assets have been misappropriated from a company by a director or shareholder; or if there has been an abuse of the corporate form or bad faith by means of the diversion of assets; the Brazilian Court of first instance can extend the jurisdiction of the bankruptcy estate by ordering the bankruptcy of any person who has been unjustly enriched by, or involved in, such wrongful activity. This can result in the bankruptcy of persons, including shareholders or directors, who form a part of a common economic group that has been involved with, or participated in, such activity.

People Comunicação Ltda., E-Vote International LLC, Probank Software e Consultoria S.A., Tiverton Financial Inc., Probank Serviços Terceirizados, North Bay Comércio Ltda., Winbros Participações, Gestão e Empreendimentos Ltda., Sociedade Mineira de Pneus Ltda., Gama Comercial Automotiva Ltda., Pneus Beira Rio Ltda. and Fratres Participações S.A.[3], Estate of Mr. Jacir Guimarães Esteves, Mrs. Célia Maria Machado Guimarães Esteves, Mrs. Peônia Guimarães Machado Martins, Mr. Paulo Cezar Martins Júnior, Mrs. Helon Machado Guimarães Esteves, Mrs. Helusa Guimarães Machado Horta Bicalho; Mr. Marco Túlio de Oliveira; Mr. José Nazareno Machado, Mr. Dimas Cendon Ferreira, Mr. Wilson Nelio Brumer, Mrs. Shirlene Nascimento Brumer, Mr. Romeu Scarioli, and Mr. Frederico Radicchi (collectively, the "Related Entities").[4]

18.     On August 27, 2014, the Brazilian Court entered an Order, on petition by the Trustee, authorizing the filing of this Chapter 15. The petition and the order and their translations are attached hereto as **Composite Exhibit C**.

**The Probank Entities and the Restructuring of Corporate Ownership**

19.     Prior to reorganization or liquidation, the Probank Entities were primarily engaged in the business of providing telecommunication services, including electronic voting services to the Brazilian government. The Probank Entities secured government contracts to provide electronic voting services in the 2004, 2006, 2008, and 2010 Brazilian national elections.

20.     The Probank Entities were originally closely-held by the Machado Guimarães family, which consisted of Mr. Jacir Guimarães Esteves ("Mr. Jacir"), Mrs. Célia Maria

---

[3] Fratres Participações S.A. was included as a bankrupted entity on October 23, 2014. The Order and its translation extending the effects of the Probank Proceeding to Fratres Participações S.A. is attached as **Composite Exhibit F**.

[4] The extension order as to Engetec Tecnologia, S.A. and Multiplier Participações Ltda. has been stayed pending appeal.

Machado Guimarães Esteves ("Mrs. Célia"), and their three children: Mrs. Peônia Guimarães Machado Martins ("Mrs. Peônia"), married to Mr. Paulo Martins, Mr. Helon Machado Guimarães Esteves ("Mr. Helon"), and Ms. Helusa Guimarães Machado Horta Bicalho ("Ms. Helusa").

21.     Beginning in 2006, as a result of mounting debt, the Probank Entities began to incorporate and otherwise restructure their corporate ownership. The apparent goal of this restructuring was to siphon funds from the various Probank Entities to offshore financial havens and to shield the principals from such mounting debt.

22.     Probank Participations was the main holding company of all of the Probank Entities' economic group.  In turn, Mr. Jacir's estate continues to own a large part of the shares of Probank Participations and his estate is liable for the debts of the economic group.  Probank Participations owns all of the shares in Probank.

23.     A British Virgin Islands entity by the name of Tiverton Financial Inc. was formed for the purpose of acquiring the then-named Tiverton do Brasil, now known as Via Participations.  Aside from Tiverton Financial Inc. (BVI), Tiverton do Brasil (now Via Participations) was also owned by Mrs. Peônia and her brother, Mr. Helon.  Subsequently, Tiverton Financial Inc. (BVI), Mrs. Peônia, and Mr. Helon sold their shares in Via Participations to Probank Participations. As a result, Via Participations is now owned solely by Probank Participations.

24.     Furthermore, simultaneously with the restructuring of corporate ownership, the Machado Guimarães family began using existing and new entities, unburdened by the mounting debt of the Probank Entities, to carry out mirror-image business formerly transacted by the Probank Entities. In such manner, the Machado Guimarães family, through the use of entities

separate from the Probank Entities, was able to secure government contracts related to the 2012 and 2014 Brazilian national elections.

25.    Specifically, the family began to do business through E-Vote International LLC ("E-Vote"), an LLC originally owned by Probank, Mrs. Peônia and her husband, Mr. Paulo Cezar Martins ("Mr. Paulo"), and formed in 2006 under the laws of Florida; and Engetec Tecnologia S.A. ("Engetec"), a Brazilian company, which, as of November 30, 2010, was held by Mr. Helon, and Mr. Marco Túlio de Oliveira.

26.    Notably, Engetec was engaged in the same business as Probank – providing telecommunication services, as well as electronic voting services to the Brazilian government – and was registered under the same principal address, in Brazil, as Probank.

27.    Furthermore, upon evidence gathered in the Probank Proceeding, various funds were siphoned from the Probank Entities through the use of false invoices, in particular to Engetec. These invoices were payable by Probank, for services supposedly rendered by Engetec. These services were never provided or performed and the payment of these false invoices by Probank only furthered the Probank Entities' economic distress.

28.    The mounting debt of the Probank Entities eventually led each into bankruptcy and eventually to the consolidation of the liquidations of all four entities.

**Assets in the United States**

29.    The Probank Proceeding remains pending and the Trustee is overseeing efforts to identify, locate, and capture assets belonging to the estate and the Related Entities.

30.    Based on the Trustee's investigation, information from Brazilian investigators, and other sources, the Trustee believes that a significant amount of assets were diverted by the Probank Entities and the Related Entities.

31.     The Trustee desires to proceed with an investigation into the assets of the Probank Entities and of the Related Entities, including, for example, investigations as to assets that are in the U.S. or that were transferred through the U.S., as well as transactions involving the Probank Entities and the Related Entities with persons or entities located in the U.S.

32.     Based on evidence gathered in the Probank Proceeding, the Trustee believes that the Probank Entities and the Related Entities, particularly Mrs. Peônia and her husband, Mr. Paulo, played a central role in restructuring the corporate ownership of the Probank Entities.

33.     Based thereon, the Trustee further believes that Mrs. Peônia and Mr. Paulo, along with the Related Entities, during the restructuring, wrongfully diverted cash from the Probank Entities and deposited such cash into banks accounts in the United States. Mrs. Peônia and Mr. Paulo, Brazilian citizens, are believed to currently reside in the United States.

34.     Moreover, as mentioned above, E-Vote is an LLC formed under the laws of the State of Florida owned by Probank and/or the Related Entities. Specifically, at the time of formation, Mrs. Peônia, Mr. Paulo, and Probank held 100% of E-Vote's membership interest. Based on public records, E-Vote does not appear to be an active Florida corporation at this time.

35.     The Trustee seeks any other assets potentially held in the United States that are potentially traceable to the Probank Entities.

**Brazil is the Center of Main Interests**

36.     Brazil is the center of main interests of the Probank Entities, as that term is used in 11 U.S.C. § 1502(4), 1516(c) and 1517(b)(1).  Among other things, the Probank Entities all have their principal place of business at Rua Nelson Soares, 356, Dom Bosco District, City of Belo Horizonte, State of Minas Gerais, Brazil. Moreover, Brazil was and is the location of the majority of the Probank Entities' employees and assets.

## RECOGNITION IS APPROPRIATE

37.     The Trustee has satisfied each of the requirements for recognition of the Probank Bankruptcy Proceeding under Chapter 15 of the Bankruptcy Code, as follows:

(a)     The Trustee qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24) because he is a person authorized in the Probank Bankruptcy Proceeding to administer the consolidated liquidations of the Probank Entities, their assets and affairs, and to act as a representative of the Probank Proceeding.

(b)     The Probank Proceeding is a "foreign main proceeding" as defined in 11 U.S.C. § 101(23) and 1502(4), because it is (i) pending in Brazil, which is the Probank Entities' "center of main interests," as such term is used in §§ 1502(4), 1516(c) and 1517(b)(1); and (ii) a collective judicial proceeding under which the Probank Entities' assets and affairs are subject to the supervision of the Brazilian Court for the purpose of liquidation under Brazilian bankruptcy law.

(c)     The Probank Entities meet the requirements of "debtor" as defined in sections 109(a) and 1502 because the Probank Entities are the subject of a foreign proceeding and have assets in the United States sufficient to comply with section 109(a) in the form either of either a membership interest in E-Vote and/or a retainer on deposit with Astigarraga Davis Mullins & Grossman, P.A.[5]

---

[5] The Trustee asserts that, for a variety of reasons, section 109(a) does not apply to Chapter 15, and that a Chapter 15 debtor, as defined in section 1502, does not have to have a place of business, domicile or property in the United States. However, even if Section 109(a) does apply, there is a "relatively low bar" to show "property" in the U.S. to satisfy the requirements of section 109(a). See In re Marco Polo Seatrade BV, No. 11-13-634, Tr. at 488:13-17, (Dkt. Item 188) (Bankr. S.D.N.Y. Oct. 3, 2011) (holding that an unused portion of a retainer at its U.S. counsel's law firm was sufficient to comply with section 109(a)'s requirement, stating that "109(a) simply uses the word "'property' .... It doesn't say that [the] property needs to be significant in amount. It just has to be here.").

(d)     The Petition meets the requirements of an application for recognition under §

1515 because (i) the Trustee has filed its petition for recognition; (ii) the Petition is accompanied

by certified and translated copies of the Brazilian Court's orders placing each Probank Entity

into a Court-supervised liquidation proceeding and consolidating the various proceedings; (iii)

the Petition is accompanied by a certificate of the Brazilian Court confirming the existence of the

Probank Proceeding and the appointment of the Trustee; (iv) as required by § 1515(c) and FRBP

1007(a)(4), the Petition is accompanied by a Statement of the Trustee identifying all foreign

proceedings with respect to the debtors, a list containing the names and addresses of all persons

or bodies authorized to administer the foreign proceedings of the debtors, parties to litigation

pending in the United States in which the debtors are parties, and all entities against whom §

1519 relief is sought; and a statement of corporate ownership.

### RELIEF REQUESTED

38.     In furtherance of his duties, the Trustee seeks an Order pursuant to §§ 105(a),

1507, 1517, 1520, and 1521 of the Bankruptcy Code, and, if necessary, Fed. R. Civ. Proc. 65 as

made applicable herein by Fed. R. Bankr Proc. 7065, substantially in the form of the Proposed

Order, attached as **Exhibit G**, granting the following relief:

(a)     Recognizing the Foreign Proceeding as a foreign main proceeding and the Trustee

as the Foreign Representative;

(b)     Granting the relief allowable as of right upon recognition of a foreign main

proceeding under § 1520 of the Bankruptcy Code;

(c)     Granting the following additional relief under § 1521 of the Bankruptcy Code:

(1)     staying the commencement or continuation of any action or proceeding

without the consent of the Trustee concerning rights, obligations or liabilities of the Probank

Entities' and the Related Entities' assets, to the extent not stayed under § 1520(a) of the Bankruptcy Code;

(2)    staying execution against the Probank Entities' and the Related Entities' assets, to the extent not stayed under § 1520(a);

(3)    suspending the right to transfer or otherwise dispose of any assets of the Probank Entities or the Related Entities to the extent this right has not been suspended under § 1520(a);

(4)    providing for the examination of witnesses, the taking of evidence, or the delivery of information concerning the assets, affairs, rights, obligations or liability of the Probank Entities or the Related Entities under § 1521(a)(4), Fed. R. Bankr. P. 2004, and Local Rule 2004-1; and finding that such information is required in the foreign proceeding under the law of the United States;

(5)    entrusting the administration or realization of all or part of the Probank Entities' or the Related Entities' assets within the territorial jurisdiction of the United States to the Trustee;

(6)    entrusting the distribution of all or part of the Probank Entities' and the Related Entities' assets located within the United States to the Trustee and finding that the assets of the creditors of the Probank Entities are sufficiently protected thereby;

(7)    otherwise granting comity to and giving full force and effect to the orders attached as **Composite Exhibit A**; and

(8)    awarding the Trustee such other and further relief as this Court may deem just and proper.

11

## **HEARING DATE AND NOTICE**

39.     The Trustee requests that the Court set the date for a hearing, pursuant to § 1517(c) of the Bankruptcy Code "at the earliest possible time."

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an Order, substantially in the form of the Proposed Order, attached as **Exhibit G**, and grant such other and further relief as may be just and proper.

Dated: December 23, 2014

Respectfully submitted,

ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202
Email: ggrossman@astidavis.com
        edavis@astidavis.com
        aescobar@astidavis.com
        asandoval@astidavis.com


By:     */s/ Gregory S. Grossman*
        Gregory S. Grossman
        Florida Bar No.: 896667
        Edward H. Davis, Jr.
        Florida Bar No.: 704539
        Annette C. Escobar
        Florida Bar No.: 88600
        Andres H. Sandoval
        Florida Bar No.: 113605

## 28 U.S.C. § 1746 VERIFICATION

I am the court-appointed trustee and Foreign Representative of the bankruptcy estate of the Probank Entities in Brazil, and, in such capacity, I am authorized to make this verification. I have read the foregoing Verified Petition for Recognition with the translation assistance of my Brazilian counsel Henrique R. Forssell and the facts and matters alleged and contained therein are true and correct. I make this Verification either upon my own personal knowledge of the facts involved or based upon my review of the books and records customarily kept and maintained by the Probank Entities.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

December 5, 2014

By: _____

Dr. Sérgio Mourão Corrêa Lima, Foreign Representative and Judicial Administrator of the Bankruptcy Estate of the Probank Entities

# Composite Exhibit A

## *Orders of Liquidation, Appointment and Consolidation*

# Exhibit A(1)

***Orders of Probank***

Judiciary of the State of Minas Gerais

**Case No.: 0024.10.293081-5**

**Type: Court-Supervised Reorganization / Voluntary Bankruptcy Petition**

**Claimant: Probank S/A**

**JUDGMENT**

**Having seen, reported on, and discussed this case:**

**PROBANK S/A**, identified elsewhere in the case records, based on the factual and legal arguments contained in the complaint, filed for COURT-SUPERVISED REORGANIZATION, the processing of which was granted by the order on p. 777–779, for which Sérgio A. Santos Rodrigues, Esq. was appointed and took the office of bankruptcy trustee (p. 785).

The reorganization processing followed the regular course. A reorganization plan was submitted (p. 3158–3749). The Bankruptcy Trustee submitted the Final List of Creditors on p. 5574–5857, which was confirmed on p. 5914–5915, and a Creditors' Meeting was called and convened on first call on June 12, 2013, but the statutory quorum to discuss the agenda was not present.

Thus, the Debtor, through its petition on p. 5977–6015, supported by documents (p. 6016–6812) and amended on p. 6827–6829, filed for voluntary bankruptcy under arts. 97, item I and 105 of Law No. 11101/2005, claiming that it had failed to undertake any new businesses after the granting of the Court-Supervised Reorganization, which resulted in loss of all revenues, which in turn led to a dismissal of its employees across the nation. It claimed that it found no support from financial institutions and that its creditors objected to its Reorganization Plan, and thus it had no option but to file for voluntary bankruptcy.

Next, the bankruptcy trustee stayed the second call of the Creditors' meeting (AGC) (p. 6815) by virtue of the voluntary bankruptcy petition.

The Prosecutors Office submitted an opinion in favor of the granting of the voluntary bankruptcy petition of the debtor and of the adjudication of bankruptcy of PROBANK S/A (p. 6817–6821).

The Bankruptcy Trustee requested, on p. 6834, the renewal of his time to submit his statements on the voluntary bankruptcy petition. However, on p. 6930, he resigned from the office of Bankruptcy Trustee and requested his de-registration and the de-registration of his counsel. Given his resignation, I understand that his request for renewal of such time became moot.

Thus, without further ado, based on evidence of the inability of the Debtor to recover, including the fact that it is no longer able to operate, as acknowledged by the company itself, conversion from reorganization to bankruptcy is the appropriate measure.

**WHEREFORE, I deny the court-supervised reorganization petition, convert the court-supervised reorganization of PROBANK S/A into bankruptcy, and fix the beginning of the pre-bankruptcy period to the ninetieth (90th) day before the date of filing of the court-supervised reorganization petition, i.e. September 14, 2010.**

Given the resignation of the former Bankruptcy Trustee, I appoint **Sérgio Mourão Corrêa Lima, Esq.**, attorney-at-law practicing in this jurisdiction (Brazilian Bar Association/Minas Gerais Chapter (OAB/MG) No. 64.026), as bankruptcy trustee, who shall be summoned to state whether or not he accepts such office and, if yes, swear an oath of office in these records and take office under art. 22, item III of Law No. 11101/05.

All individual actions and executions filed by creditors in connection with rights and interests of the bankruptcy estate are hereby stayed, except as otherwise provided for in law.

I fix a time of fifteen (15) days for creditors to file their proofs of claims, supported by documents

justifying their claims, or their objections to listed claims.

The shareholders and legal representatives of the debtor are hereby prohibited from taking any action towards disposing of or encumbering their property without prior court authorization.

I refrain from ordering the debtor to be summoned to submit a nominal list of creditors, indicating their addresses and the relevance, nature, and ranking of their respective claims, as the final list of creditors and the statement on p. 6827–6829 have already been entered in the case records.

I fix a time of forty-eight (48) hours for the shareholders of the debtor, i.e. **THE ESTATE OF JACIR GUIMARÃES ESTEVES**, represented by its administrator CÉLIA MARIA MACHADO GUIMARÃES, and **FRATRES PARTICIPAÇÕES S/A**, represented by its shareholders Wilson Nélio Brumer and Shirlene Nascimento Brumer (p. 6416–6425 and p. 6431–6445), to appear before this Court for purposes of the mandatory representations set forth in article 104 of the Bankruptcy Law and to disclose the debtor's books for the last five fiscal years, particularly those required to be kept by all businesses, as well as their list of assets and list of all other creditors not yet listed, with their addresses and the value of their claims, under penalty of prison. Notify by publication of this judgment and by return-receipt mail.

As a measure to safeguard the interests of the Bankruptcy Estate and protect its assets, based on article 99, item VII, of the New Bankruptcy Law, I order the issuance of the following official letters:

1. To TELEMAR, to CEMIG, to the Department of Motor Vehicles (DETRAN), to the Stock Exchange, and to the Real Estate Registries of Belo Horizonte requesting them to provide information as to any stocks, assets, and rights registered on behalf of the debtor, including those disposed of since the pre-bankruptcy period, as well as to annotate of the inalienability of such rights or assets, except those that are unleviable, until otherwise ordered solely by the Exclusive Bankruptcy Court, and send documentary evidence of ownership thereof and of any transfer of such assets, within five (5) days.

2. To the Minas Gerais State Registry of Commerce (JUCEMG) requesting it to annotate the bankruptcy in the company's files by adding the word "bankrupt," the date of adjudication of bankruptcy, and its disqualification from exercising any business activity since the adjudication of bankruptcy and until a judgment is issued releasing it from all its obligations.

3. To the Central Bank of Brazil, requesting it to report the freezing, which is hereby ordered, of any checking accounts and investments held by the debtor with any financial institution under its supervision in which the debtor may hold an account, as well as the remittance and deposit of any outstanding balances therein, plus interest and inflation adjustment, to an account held with Banco do Brasil S/A, Fórum Branch, in this Capital, on behalf of the bankruptcy estate, at the disposal of the Bankruptcy Court.

4. To the Federal Revenue Service, requesting it to send a copy of the last income tax return filed by the debtor, to confirm its National Corporate Taxpayers Register (CNPJ) number, and to report the amount of any outstanding tax refund rights.

To the clerks of the State, Federal, Labor, and Small-Claims Courts of this Capital, requesting them to list any pending actions or actions canceled during the last year to which the debtor and its shareholders are parties.

I order the debtor's place of business to be sealed (art. 109). I order the debtor to pay court costs and expenses.

Publish this decision and the list of creditors in full.

Notify the full contents of this decision to the Prosecutors Office and on the **MUNICIPAL, STATE, and FEDERAL TAX AUTHORITIES**, by registered mail, so that they become aware of the bankruptcy.

**Publish, register, notify and comply with.**

Belo Horizonte, September 11, 2013.

(sgd)

*Simone Saraiva de Abreu Abras*

*Judge*

**C E R T I F I C A T E**

I certify and give faith that:

1) I received these case records on: (illegible), 2013;

2) I sent the foregoing order to the *Justice Gazette* (*D.J.*) on: (illegible), 2013; and

3) The *Justice Gazette* (*D.J.*) published the foregoing order on: (illegible), 2013.

By the Clerk:

 **Poder Judiciário do Estado de Minas Gerais**

**Processo** : 0024.10.293081-5
**Ação** : Recuperação Judicial / Pedido de Autofalência
**Autora** : Probank S/A
**SENTENÇA**


**Vistos etc .**


       **PROBANK S/A**, qualificada nos autos, com base nos fatos e fundamentos expendidos na peça inicial, requereu os benefícios da RECUPERAÇÃO JUDICIAL, cujo processamento foi deferido pela decisão de fls. 777/779, tendo sido nomeado e assumido o *munus* de administrador judicial o Dr. Sérgio A. Santos Rodrigues (f. 785).

       O processamento da recuperação seguiu curso regular. Foi apresentado o plano de recuperação judicial (fls. 3158/3749). O Administrador Judicial apresentou o Quadro Geral de Credores de f. 5574/5857, homologado à f. 5914/5915, com convocação da Assembleia Geral de Credores que se realizou, primeira convocação, no dia 12/06/2013 não atingindo o quórum legal para o prosseguimento da ordem do dia.

       Assim, a Recuperanda, por meio do petitório de fls. 5977/6015 acompanhado de documentos (f. 6016/6812) e complementada à f. 6827/6829, requereu a declaração de sua autofalência, com fincas nos arts. 97, inc. I e 105 da Lei n. 11.101/2005, justificando o pedido ao fato de não ter conseguido empreender novos compromissos após o deferimento da Recuperação Judicial, resultando no fim da receita, o que a levou a dispensa de seus funcionários espalhados pelo país. Afirma que não teve apoio das instituições financeiras e os credores manifestaram de forma contrária ao Plano de Recuperação, não restando outra alternativa a não ser requerer a autofalência.

       Em seguida manifestou o administrador judicial suspendendo a segunda convocação da AGC (f. 6815), em razão do pedido de autofalência.

       Parecer do MP pelo acolhimento do pedido de autofalência da recuperanda decretando-se a falência da PROBANK S/A (f. 6817/6821).

       O Administrador Judicial manifestou-se à f. 6834 pugnando pela restituição do prazo para se manifestar a respeito do pedido de autofalência. No entanto, à f. 6930, renunciou ao cargo de Administrador Judicial, requerendo que seu descadastramento e dos procuradores. Diante da renúncia, entendo prejudicado o pedido de restituição do prazo.

 Poder Judiciário do Estado de Minas Gerais

Assim, sem maiores delongas, uma vez que consubstanciada a impossibilidade de a Recuperanda soerguer, inclusive já estando sem condições de funcionar, fato por ela mesma declarado, tem-se que a convolação da recuperação em falência é medida que se impõe.

**ISTO POSTO**, julgo improcedente o pedido de recuperação judicial e convolo a recuperação judicial da empresa **PROBANK S/A em falência**, fixando o termo legal de quebra no 90º (nonagésimo) dia anterior à data da distribuição do pedido da recuperação judicial, ou seja, 14/09/2010.

Diante da renúncia do então Administrador Judicial, nomeio administrador judicial da falência **Dr. Sérgio Mourão Corrêa Lima**, advogado militante neste foro (OAB/MG n°64.026), o qual deverá ser intimado para dizer se aceita o encargo e, caso positivo, firmar termo de compromisso nos autos e assumir suas funções previstas no art. 22, inc. III da Lei 11.101/05.

Ficam suspensas todas as ações e execuções individuais de credores, relativas a direitos e interesses da massa falida, ressalvadas as exceções legais.

Fixo o prazo de 15 (quinze) dias para que os credores ajuízem habilitações instruídas com documentos justificativos de seus créditos ou suas divergências quanto aos créditos relacionados.

Ficam os acionistas e representantes legais da falida proibidos de praticar qualquer ato de disposição ou oneração de seus bens, sem prévia autorização judicial.

Deixo de determinar a intimação da falida para que apresente a relação nominal dos credores, indicando endereço, importância, natureza e classificação dos respectivos créditos, porquanto já se encontra nos autos o quadro geral de credores e manifestação de f. 6827/6829.

Fixo o prazo de 48 (quarenta e oito horas) horas para que os acionistas da falida, **ESPÓLIO DE JACIR GUIMARÃES ESTEVES**, representando por sua inventariante CELIA MARIA MACHADO GUIMARÃES e **FRATRES PARTICIPAÇÕES S/A**, representado pelos seus sócios, Wilson Nélio Brumer e Shirlene Nascimento Brumer (f. 6416/6425 e f. 6431/6445), compareçam em Juízo para declarações obrigatórias, previstas no artigo 104 da Lei de Falências e ofereçam os livros do s cinco últimos exercícios fiscais, es pecialmente os obrigatórios a todo comerciante, bem como as relações de bens e de todos os demais credores ainda não listados, com endereços e valor dos créditos, sob pena de prisão. Intimem-se pelo edital de sentença e por carta AR.

# Poder Judiciário do Estado de Minas Gerais

Como medida para salvaguardar os interesses da Massa e de preservação de seus bens, com fundamento no artigo 99, inciso VII, da Nova Lei Falimentar, determino que se expeçam os seguintes ofícios:

1. À TELEMAR, CEMIG, DETRAN, Bolsa de Valores e Cartórios de Registro de Imóveis de Belo Horizonte, solicitando informações quanto a ações, bens e direitos registrados em nome da falida, ainda que eventualmente alienados a partir do termo da quebra. Solicite-se, também, a anotação de indisponibilidade destes bens ou direitos, salvo daqueles impenhoráveis, até nova ordem a ser expedida exclusivamente pelo Juízo Universal Falimentar, bem como a remessa do documento comprobatório da titularidade e de eventual transferência dos referidos bens, no prazo de 05 (cinco) dias.

2. À JUCEMG, solicitando que proceda a anotação da falência no registro da empresa, para que conste a expressão "falido", a data da decretação da falência e a inabilitação para exercer qualquer atividade empresarial a partir declaração da falência e até a sentença que extingue suas obrigações.

3. Ao Banco Central do Brasil, solicitando que comunique o bloqueio, ora determinado, das contas correntes e das aplicações da falida em qualquer instituição financeira em que possua conta, pelo mesmo fiscalizada, bem como a remessa e depósito de eventuais saldos para uma conta do Banco do Brasil S/A, Agência Fórum, nesta Capital, em nome da massa falida, com juros e correção monetária, à disposição do Juízo Falimentar.

4. À Receita Federal, solicitando cópia da última declaração de renda da falida, confirmação do número de seu CNPJ, assim como informação sobre o valor correspondente a eventual direito de restituição a ser arrecadado.

Aos distribuidores da Justiça Estadual, Federal, Trabalhista e Juizados Especiais desta Capital, para que informem quanto as ações ativas ou baixadas no último ano, em que sejam partes a falida e seus sócios.

Determino o lacre do estabelecimento (art. 109).

Custas judiciais e despesas processuais, pela falida.

Publique-se edital contendo a íntegra desta decisão e da relação de credores.

**Poder Judiciário do Estado de Minas Gerais**

Intimar o Ministério Público e as **FAZENDAS PÚBLICAS MUNICIPAL**, **ESTADUAL e FEDERAL**, através de carta registrada, do inteiro teor desta decisão, para que tomem conhecimento da falência.

**P.R.I.C.**

Belo Horizonte, 11 de setembro de 2013.

**Simone Saraiva de Abreu Abras**
**Juíza de Direito**

**C E R T I D Ã O**

Certifico e dou fé que:
1) Recebi estes autos em : ___ / ___ /2013.
2) Enviei ao D.J. em     : ___ / ___ / 2013.
3) O  D. J.  Publicou  em : ___ / ___ / 2013.
P/ O Escrivão: _____

# Exhibit A(2)

*Orders of Probank Participations*

Judiciary of the State of Minas Gerais

Case No. 0024.13.267359-1

Voluntary Bankruptcy Petition

Claimant: Probank Participações S.A.

**Having seen, reported on, and discussed this case:**

PROBANK PARTICIPAÇÕES S.A. filed a voluntary bankruptcy petition with this Court under article 105 of Law No. 11101/05, in which admitted its state of insolvency and described its financial hardship and the reasons why its current situation came about so as to justify its claim. It also filed the power of attorney on p. 44 and the documents on p. 45–613 attached to its complaint.

The bankruptcy trustee of the group companies submitted a statement on p. 615–620, in which he opined that the complaint should be amended for submission of certain documents.

The Prosecutors Office submitted a statement on p. 645–649, also opining that the complaint should be amended.

The claimant filed such documents on p. 652–656.

**This is my report. I proceed to decide.**

This is a Voluntary Bankruptcy case under art. 105 of Law No. 11101/05, given that the company is in an obvious state of insolvency and, consequently, failed to perform its obligations.

The reasons stated in the complaint to justify the bankruptcy petition are perfectly plausible, and the petition is supported by appropriate documents.

In this regard, art. 105 of the new Bankruptcy Law provides as follows:

*"Art. 105: A debtor undergoing an economic and financial crisis who believes he does not meet the requirements to file for court-supervised reorganization shall file for bankruptcy with the court, explaining the reasons why he cannot continue his business activity, supported by the following documents (...)"*

Thus, as the claimant admitted its insolvency and has met the requirements of art. 105 of Law No. 11101/2005, its voluntary bankruptcy petition must be granted, under penalty of maximizing the losses sustained by creditors.

With respect to this issue, our Court of Appeals has had the opportunity to decide as follows:

*"If a voluntary bankruptcy petition is supported by all documents pertaining to the such relief, the Bankruptcy Court must acknowledge the state of insolvency of the petitioner by granting its petition"* (Minas Gerais State Court of Appeals (TJMG) – Interlocutory Appeal (AI) No. 1.0000.00.252264-7/000(1) – Reporting Judge: Bady Cury).

**Wherefore**, in view of the foregoing and of all other elements in the records, based on art. 107 of Law No. 11101/2005, I adjudicate, on the date hereof, **PROBANK PARTICIPAÇÕES S.A.**, with its principal place of business at Rua Nelson Soares, 356, Dom Bosco district, Belo Horizonte, MG, enrolled with the National Corporate Taxpayers Register (CNPJ) under No. 07.798.485/0001-50, a **BANKRUPT**.

I fix the beginning of the pre-bankruptcy period to the ninetieth (90th) day before the date of filing of the voluntary bankruptcy petition, i.e. **April 6, 2013**, subject to change in the event of any previous protest.

Under article 99, item V of Law No. 11101/05, all individual executions and actions filed against the debtors in connection with rights and interests relating to the Bankruptcy Estate are hereby stayed, except as otherwise provided for in art. 6, paragraphs 1 and 2 of the Law.

I grant a time of fifteen (15) days for creditors of the debtor to file their proofs of claims (art. 99, IV of Law No. 11101/05), in the form established in article 9 of the same Law.

Notify the bankrupt shareholders, i.e. **THE ESTATE OF JACIR GUIMARÃES ESTEVES** and **FRATES PARTICIPAÇÕES S.A.**, through their representatives indicated on p. 38–39 to appear **before the office of the clerk of the court** for purposes of the representations set forth in article 104 of the Bankruptcy Law, under penalty of contempt, within 5 days.

**I order the debtor to submit, within the same time, certificates issued by protest notaries, as well as its statutory books and accounting documents required under law.**

In order to safeguard the interests of the Bankruptcy Estate, I order the issuance of the following official letters:

a) To the **MINAS GERAIS STATE DEPARTMENT OF MOTOR VEHICLES (DETRAN/MG), to TELEMAR, to CEMIG, to the STOCK EXCHANGE, and to the REAL ESTATE REGISTRIES**, requesting them to provide information as to the existence of any assets and rights held on behalf of the debtor, including any assets and rights transferred during the pre-bankruptcy period, i.e. since **April 6, 2013**, as well as to annotate the inalienability and non-transferability thereof, until otherwise ordered by this Court, and send documentary evidence of ownership and of any transfer thereof;

b) To the **CENTRAL BANK OF BRAZIL**, requesting it to freeze any checking accounts and investments held by the debtor with any financial Institution under its supervision, as well as the transfer of any outstanding balances therein, plus interest and inflation adjustment, to **BANCO DO BRASIL**, Branch No. 1615-2 (Fórum Lafayette), at the disposal of this court;

c) To the **FEDERAL REVENUE SERVICE**, requesting it to send a copy of the last income tax return filed by the Debtor, to confirm its National Corporate Taxpayers Register (CNPJ) number, and to report the amount of any Income Tax refund rights;

d) To the **CLERKS** of the **State, Federal, and Labor Courts**, requesting them to list any actions to which the debtor is a party;

e) To the **MINAS GERAIS STATE REGISTRY OF COMMERCE (JUCEMG)**, requesting it to annotate the bankruptcy in the company's files by adding the word "bankrupt," the date of adjudication of bankruptcy, and its disqualification from exercising any business activity since the adjudication of bankruptcy and until a judgment is issued releasing it from all its obligations;

f) To the **CLERKS OF THE PROTEST NOTARIES OF THIS CAPITAL**, requesting them to provide information as to the existence of any protests against the debtor.

I order the place of business to be sealed upon the issuance of an appropriate order (art. 109).

I appoint **Sérgio Mourão Corrêa Lima, Esq.**, Brazilian Bar Association/Minas Gerais Chapter (OAB/MG) No. 64.026, with address at Rua Curitiba, 2583, Lourdes, in this Capital, as bankruptcy trustee, who shall be summoned to swear an oath of office, within 24 hours, and to take office under art. 22, III of Law No. 11101/05.

Publish this decision and the list of creditors in full. Notify the full contents of this decision to the **PROSECUTORS OFFICE** and, by registered mail, on the **MUNICIPAL**, **STATE**, and **FEDERAL TAX AUTHORITIES** so that they become aware of the bankruptcy.

The costs shall be borne as determined in law.

Belo Horizonte, December 2, 2013.

(sgd)

Christyano Lucas Generoso

Judge

**C E R T I F I C A T E**

I certify and give faith that:

1) I received these case records on: December 2, 2013;

2) I sent the foregoing order to the *Justice Gazette* (*D.J.*) on: December 3, 2013; and

3) The *Justice Gazette* (*D.J.*) published the foregoing order on: December 5, 2013.

By the Clerk: (sgd)

Proc. No. 13.267359-1

Cod. 10.25.097-1



 Poder Judiciário do Estado de Minas Gerais

4Autos nº 0024.13.267359-1

Autofalência

Autora: Probank Participações S.A.

Vistos, etc.

PROBANK PARTICIPAÇÕES S.A. ingressou perante este Juízo com o presente pedido de autofalência, com fundamento no artigo 105 da Lei 11.101/05, confessando seu estado de insolvência e narrando as suas dificuldades financeiras e razões pelas quais chegou a atual situação, de forma a justificar a sua pretensão. Com a inicial juntou procuração de fls. 44 e os documentos de fls. 45/613.

O administrador judicial das empresas integrantes do grupo se manifestou à fls. 615/620, opinando pela emenda da inicial, para juntada de documentos.

O Ministério Público se manifestou à fls. 645/649, também opinando pela emenda da inicial.

A autora pleiteou a juntada dos documentos à fls. 652/656.

É o relatório. Devido.

Trata-se de requerimento de Autofalência com fulcro no art. 105 da Lei 11.101/05, tendo em vista estar a sociedade em latente estado de insolvência e, consequentemente, ter deixado de cumprir com de suas obrigações.

Cód. 10.25.097-2



Poder Judiciário do Estado de Minas Gerais



As razões explanadas na exordial, justificando o pedido de falência, são perfeitamente plausíveis, restando o pedido instruído com documentos pertinentes.

Sobre o assunto, dispõe o art. 105, da nova Lei de Falências, *"in verbis"*:

> *"Art.105: O devedor em crise econômica-financeira que julgue não atender aos requisitos para pleitear sua recuperação judicial deverá requerer ao juízo sua falência, expondo as razões da impossibilidade de prosseguimento da atividade empresarial, acompanhadas dos seguintes documentos (...)."*

Assim, tendo a autora confessado a sua insolvência e tendo, atendido os requisitos dos arts. 105, da Lei 11.101/2005, imperioso é o acolhimento do pedido de autofalência, sob pena de majorar os prejuízos dos credores.

Sobre a matéria, nosso Tribunal já teve a oportunidade de firmar o que se segue:

> *"Uma vez instruído o pedido de autofalência com todos os documentos pertinentes à pretensão desejada, torna-se imperioso ao Juízo Falimentar reconhecer o estado de insolvibilidade da empresa requerente, deferindo o pedido."* (TJMG – AI nº 1.0000.00.252264-7/000(1) – Rel. Des. Bady Cury).

**Pelo exposto**, fiel a estas considerações e a tudo mais que dos autos consta, com fulcro no art. 107 da Lei 11.101/2005, decreto, nesta data, a **FALÊNCIA** de **PROBANK PARTICIPAÇÕES S.A.**, com sede estabelecida à Rua Nelson Soares, 356, bairro Dom Bosco, Belo Horizonte – MG, inscrita no CNPJ sob o n.º 07.798.485/0001-50.

Fixo o termo legal da quebra no 90º (nonagésimo) dia anterior à distribuição do requerimento de autofalência, ou seja, **06 de abril de 2013**, ressalvando a possibilidade de alteração diante de eventual protesto realizado anteriormente.

Na forma do artigo 99, inciso V, da Lei 11.101/05, ficam suspensas todas as execuções e ações individuais contra os falidos sobre direitos e interesses relativos à Massa Falida, ressalvadas as hipóteses previstas nos §§ 1º e 2º do art. 6º da Lei.

 Poder Judiciário do Estado de Minas Gerais

Fixo o prazo de 15 (quinze) dias para que os credores da empresa falida apresentem suas habilitações de créditos (art. 99, IV, Lei 11.101/05), observando-se a forma estabelecida no artigo 9º da mesma Lei.

Intimem-se os sócios falidos **ESPÓLIO DE JACIR GUIMARÃES ESTEVES** e **FRATES PARTICIPAÇÕES S.A.**, através de seus representantes, conforme informado à fls. 38/39, para os fins de prestar as declarações do artigo 104, da Lei de Falências, **em secretaria**, sob pena de crime de desobediência, no prazo de 05 dias.

**Neste mesmo prazo deverá a falida apresentar certidões dos cartórios de protestos, bem como os livros obrigatórios e os documentos contábeis que lhe forem exigidos por lei.**

Na defesa dos interesses da Massa, determino que se oficie:

a) ao **DETRAN/MG, TELEMAR, CEMIG, BOLSA DE VALORES E CARTÓRIOS DE REGISTRO DE IMÓVEIS**, solicitando informações sobre a existência de bens e direitos em nome da empresa falida, ainda que eventualmente transferidos dentro do termo legal da quebra, fixado em **06 de abril de 2013**, anotando-se a indisponibilidade e intransferibilidade dos mesmos, até nova ordem deste Juízo, com a remessa de documentos comprobatórios de titularidade e de eventual transferência;

b) ao **BANCO CENTRAL DO BRASIL**, solicitando o bloqueio de contas-correntes e de qualquer aplicação que a falida possua em Instituição financeira subordinada a sua fiscalização, devendo eventuais saldos ser transferidos para o **BANCO DO BRASIL** - Ag. 1615-2, Fórum Lafayette, com juros e correção monetária, à disposição deste juízo.

c) à **RECEITA FEDERAL**, solicitando cópia da última declaração de renda da Falida e a confirmação do nº do CNPJ da mesma, bem como a informação sobre eventual direito de restituição de Imposto de Renda;

d) aos **CARTÓRIOS DISTRIBUIDORES** das **Justiças Estadual, Federal e Trabalhista** para que informem sobre ações em que a falida seja parte.





**Poder Judiciário do Estado de Minas Gerais**

e) à **JUCEMG**, solicitando que proceda a anotação da falência no registro da empresa, para que conste a expressão "falida", a data da decretação da falência e a inabilitação para exercer qualquer atividade empresarial a partir declaração da falência e até a sentença que extingue suas obrigações.

f) aos **CARTÓRIOS DISTRIBUIDORES DE PROTESTOS DA CAPITAL**, solicitando informação acerca da existência de protestos em nome da empresa falida.

Determino que seja lacrado o estabelecimento, com expedição de mandado respectivo (art. 109).

Nomeio como administrador judicial **o Dr. Sérgio Mourão Corrêa Lima**, OAB/MG 64.026, com endereço na Rua Curitiba, 2583, Lourdes, nesta Capital, que, intimado, deverá prestar compromisso legal, no prazo de 24h, bem como assumir as funções previstas no art. 22, III da Lei 11.101/05.

Publique-se edital contendo a íntegra desta decisão e da relação de credores. Intimar o **MINISTÉRIO PÚBLICO** e as **FAZENDAS PÚBLICAS MUNICIPAL**, **ESTADUAL** e **FEDERAL**, estas últimas através de carta registrada, do inteiro teor desta decisão, para que tomem conhecimento da falência

Custas *"ex lege"*.

Belo Horizonte, 02 de dezembro de 2013.

**Christyano Lucas Generoso**
**Juiz de Direito**

CERTIDÃO

Certifico e dou fé que:

1) Recebi estes autos em: 02, 12, 2013

2) Enviei ao D.J. em: 03 , 12 , 2013

3) O D.J. publicou em: 05 , 12 , 2013

O(A) Escrivã(ão):

Proc. nº : 13.267359-1

Página 4 de4

# Exhibit A(3)

## *Orders of Via*

**Case No. 0024.11.268197-8**

**Court-Supervised Reorganization**

**Claimant: Via Telecom S.A.**

**Having seen, reported on, and discussed this case:**

This is a court-supervised reorganization case in which the debtor, VIA TELECOM S.A., filed for voluntary bankruptcy on p. 2122–2167, under article 105 of Law No. 11101/05, admitting its lack of funds to comply with the court-supervised reorganization so as to justify its claim.

The bankruptcy trustee submitted a statement on p. 3501–3508.

**This is my report. I proceed to decide.**

The reasons stated in the petition to justify the bankruptcy petition are perfectly plausible, and the petition is supported by appropriate documents.

Thus, as the claimant admitted its insolvency and has met the requirements of art. 105 of Law No. 11101/2005, its voluntary bankruptcy petition must be granted, under penalty of maximizing the losses sustained by creditors.

**Wherefore, I DENY** the court-supervised reorganization petition filed by Via Telecom S.A. and **CONVERT its court-supervised reorganization into BANKRUPTCY**.

I fix the beginning of the pre-bankruptcy period to the ninetieth (90th) day before the date of filing of the court-supervised reorganization petition, i.e. **June 2, 2011**.

Under article 99, item V of Law No. 11101/05, all individual executions and actions filed against the debtors in connection with rights and interests relating to the Bankruptcy Estate are hereby stayed, except as otherwise provided for in art. 6, paragraphs 1 and 2 of the Law.

I grant a time of fifteen (15) days for creditors of the debtor to file their proofs of claims (art. 99, IV of Law No. 11101/05), in the form established in article 9 of the same Law.

Notify the bankrupt shareholders, i.e. **THE ESTATE OF JACIR GUIMARÃES ESTEVES** and **FRATES PARTICIPAÇÕES S.A.**, through their representatives, respectively Célia Mara Machado Guimarães Esteves (p. 2899) and Wilson Nélio Brumer and Shirlene Nascimento Brumer (p. 2853–2864), to appear **before the office of the clerk of the court** for purposes of the representations set forth in article 104 of the Bankruptcy Law, under penalty of contempt, within 5 days.

**I order the debtor to submit, within the same time, certificates issued by protest notaries, as well as its statutory books and accounting documents required under law.**

In order to safeguard the interests of the Bankruptcy Estate, I order the issuance of the following official letters:

a) To the **MINAS GERAIS STATE DEPARTMENT OF MOTOR VEHICLES (DETRAN/MG), to TELEMAR, to CEMIG, to the STOCK EXCHANGE, and to the REAL ESTATE REGISTRIES**, requesting them to provide information as to the existence of any assets and rights held on behalf of the debtor, including any assets and rights transferred during the pre-bankruptcy period, i.e. since **June 2, 2011**, as well as to annotate the inalienability and non-transferability thereof, until otherwise ordered by this Court, and send documentary evidence of ownership and of any transfer thereof;

b) To the **CENTRAL BANK OF BRAZIL**, requesting it to freeze any checking accounts and

investments held by the debtor with any financial Institution under its supervision, as well as the transfer of any outstanding balances therein, plus interest and inflation adjustment, to **BANCO DO BRASIL**, Branch No. 1615-2 (Fórum Lafayette), at the disposal of this court;

c) To the **FEDERAL REVENUE SERVICE**, requesting it to send a copy of the last income tax return filed by the Debtor, to confirm its National Corporate Taxpayers Register (CNPJ) number, and to report the amount of any Income Tax refund rights;

d) To the **CLERKS** of the **State, Federal, and Labor Courts**, requesting them to list any actions to which the debtor is a party;

e) To the **MINAS GERAIS STATE REGISTRY OF COMMERCE (JUCEMG)**, requesting it to annotate the bankruptcy in the company's files by adding the word "bankrupt," the date of adjudication of bankruptcy, and its disqualification from exercising any business activity since the adjudication of bankruptcy and until a judgment is issued releasing it from all its obligations;

f) To the **CLERKS OF THE PROTEST NOTARIES OF THIS CAPITAL**, requesting them to provide information as to the existence of any protests against the debtor.

I determine that the establishment be sealed, with the issuance of the respective order (art. 109).

I appoint **Sérgio Mourão Corrêa Lima, Esq.**, Brazilian Bar Association/Minas Gerais Chapter (OAB/MG) No. 64.026, with address at Rua Curitiba, 2583, Lourdes, in this Capital, as bankruptcy trustee, who shall be summoned to swear an oath of office, within 24 hours, and to take office under art. 22, III of Law No. 11101/05.

Publish this decision and the list of creditors in full. Notify the full contents of this decision to the **PROSECUTORS OFFICE** and, by registered mail, on the **MUNICIPAL**, **STATE**, and **FEDERAL TAX AUTHORITIES** so that they become aware of the bankruptcy.

The costs shall be borne by the debtor.

Notify the Prosecutors Office and on the Municipal, State, and Federal Tax Authorities.

On the other hand, the bankruptcy trustee requested, on p. 3502–3508, that this bankruptcy case be consolidated with the bankruptcy of Probank S.A. (case No. 0024.10.293081-5).

A review of the case records shows that the claimant itself, when filing for court-supervised reorganization, stated that it belongs to the same business group as Probank S.A. and, accordingly, requested the assignment of this case to the same court presiding over that case. It also stated that the two companies are closely related.

A reading of the complaint shows that group companies supplement each other and are under common management. Incidentally, a comparison between the voluntary bankruptcy petition filed by Via Telecom S.A. and the other petitions filed by the other companies shows that they all share the same cause of action, which allows a consolidation of the cases for simultaneous adjudication.

It should also be noted that such consolidation is a necessary measure in this case to secure equal treatment to creditors in the bankruptcy proceedings, as well as to ensure procedural speed and the pursuit of the satisfaction of all creditors.

Notwithstanding the existence of an adjudication of bankruptcy, it should be noted that the same, given the particulars of such procedure, is merely the beginning of the proceedings, which, incidentally, excludes the application of Precedent No. 235 of the Superior Court of Justice (STJ). This is supported by the following precedent:

*"The particulars of the bankruptcy procedure, which begins by the adjudication of bankruptcy, excludes the applicability of*

*Precedent No. 235 of the Superior Court of Justice and authorizes the consolidation of the bankruptcy cases (and of the bankruptcy estates) of Uniauto and Liderauto. Such measures are necessary to secure the application of the principles of equal treatment, reasonableness, legal certainty, and procedural speed…"* (Minas Gerais State Court of Appeals (TJMG) – Interlocutory Appeal (AI) No. 1.0024.03.117305-7/006 - Reporting Judge: Dídimo Inocêncio de Paula).

Wherefore, based on evidence of the existence of connection between this case and the bankruptcy of Probank S.A. (case No. 0024.10.293081-5), as a necessary measure to secure the appropriate processing of both bankruptcy cases, as mentioned above, **I ORDER THE CONSOLIDATION of the bankruptcies of Probank S.A. and Via Telecom S.A.**, which are to be processed in the former case records only (case No. 0024.10.293081-5). Consequently, I order the stay of this case.

Notify the parties of the foregoing.

Belo Horizonte, January 28, 2014.

**Christyano Lucas Generoso**

**Judge**

Autos nº 0024.11.268197-8

# Recuperação Judicial

Autora: Via Telecom S.A.

Vistos, etc.

Trata-se de recuperação judicial onde a devedora VIA TELECOM S.A. atravessou petição, à fls. 2122/2167, pleiteando a sua autofalência, com fundamento no artigo 105 da Lei 11.101/05, confessando não possuir recursos para cumprir a recuperação judicial, de forma a justificar a sua pretensão.

O administrador judicial se manifestou à fls. 3501/3508.

É o relatório. Devido.

As razões explanadas no pedido, justificando o pedido de falência, são perfeitamente plausíveis, restando o pedido instruído com documentos pertinentes.

Assim, tendo a autora confessado a sua insolvência e tendo, atendido os requisitos dos arts. 105, da Lei 11.101/2005, imperioso é o acolhimento do pedido de autofalência, sob pena de majorar os prejuízos dos credores.

Pelo exposto, JULGO IMPROCEDENTE o pedido de recuperação judicial da empresa Via

Telecom S.A. e <u>CONVOLO a recuperação judicial da mesma em FALÊNCIA</u>.

Fixo o termo legal da quebra no 90º (nonagésimo) dia anterior à distribuição do requerimento de recuperação judicial, ou seja, <u>02 de junho de 2011</u>.

Na forma do artigo 99, inciso V, da Lei 11.101/05, ficam suspensas todas as execuções e ações individuais contra os falidos sobre direitos e interesses relativos à Massa Falida, ressalvadas as hipóteses previstas nos §§ 1º e 2º do art. 6º da Lei.

Fixo o prazo de 15 (quinze) dias para que os credores da empresa falida apresentem suas habilitações de créditos (art. 99, IV, Lei 11.101/05), observando-se a forma estabelecida no artigo 9º da mesma Lei.

Intimem-se os sócios falidos <u>ESPÓLIO DE JACIR GUIMARÃES ESTEVES</u> e <u>FRATES PARTICIPAÇÕES S.A.</u>, através de seus representantes, respectivamente Célia Mara Machado Guimarães Esteves (fl. 2899) e Wilson Nélio Brumer e Shirlene Nascimento Brumer (fls. 2853/2864), para os fins de prestar as declarações do artigo 104, da Lei de Falências, <u>em secretaria</u>, sob pena de crime de desobediência, no prazo de 05 dias.

<u>Neste mesmo prazo deverá a falida apresentar certidões dos cartórios de protestos, bem como os livros obrigatórios e os documentos contábeis que lhe forem exigidos por lei.</u>

Na defesa dos interesses da Massa, determino que se oficie:

a) ao DETRAN/MG, TELEMAR, CEMIG, BOLSA DE VALORES E CARTÓRIOS DE REGISTRO DE IMÓVEIS, solicitando informações sobre a existência de bens e direitos em nome da empresa falida, ainda que eventualmente transferidos dentro do termo legal da quebra fixado em <u>02 de junho de 2011</u>, anotando-se a indisponibilidade e intransferibilidade dos mesmos, até nova ordem deste Juízo, com a remessa de documentos comprobatórios de titularidade e de eventual transferência;

b) ao BANCO CENTRAL DO BRASIL, solicitando o bloqueio de contas-correntes e de qualquer aplicação que a falida possua em Instituição financeira subordinada a sua fiscalização, devendo eventuais saldos ser transferidos para o BANCO DO BRASIL - Ag. 1615-2, Fórum Lafayette, com juros e correção monetária, à disposição deste juízo.

c) à RECEITA FEDERAL, solicitando cópia da última declaração de renda da Falida e a confirmação do nº do CNPJ da mesma, bem como a informação sobre eventual direito de restituição de Imposto de Renda;

d) aos CARTÓRIOS DISTRIBUIDORES das Justiças Estadual, Federal e Trabalhista para que informem sobre ações em que a falida seja parte.

e) à JUCEMG, solicitando que proceda a anotação da falência no registro da empresa, para que conste a expressão "falida", a data da decretação da falência e a inabilitação para exercer qualquer atividade empresarial a partir declaração da falência e até a sentença que extingue

suas obrigações.

f) aos CARTÓRIOS DISTRIBUIDORES DE PROTESTOS DA CAPITAL, solicitando informação acerca da existência de protestos em nome da empresa falida.

Determino que seja lacrado o estabelecimento, com expedição de mandado respectivo (art. 109).

Nomeio como administrador judicial o Dr. Sérgio Mourão Corrêa Lima, OAB/MG 64.026, com endereço na Rua Curitiba, 2583, Lourdes, nesta Capital, que, intimado, deverá prestar compromisso legal, no prazo de 24h, bem como assumir as funções previstas no art. 22, III da Lei 11.101/05.

Publique-se edital contendo a íntegra desta decisão e da relação de credores. Intimar o MINISTÉRIO PÚBLICO e as FAZENDAS PÚBLICAS MUNICIPAL, ESTADUAL e FEDERAL, estas últimas através de carta registrada, do inteiro teor desta decisão, para que tomem conhecimento da falência.

Custas pela falida.

Intime-se O Ministério Público e as Fazendas Públicas Municipal, Estadual e Federal.

Por outro lado, o administrador judicial pleiteou, à fls. 3502/3508, a reunião deste processo de falência com a falência de Probank S.A. (autos nº 0024.10.293081-5).

Analisando-se os autos, vê-se que a própria autora informou, quando pleiteou a concessão de recuperação judicial, pertencer ao mesmo grupo empresarial de Probank S.A., tanto que pleiteou a distribuição por dependência daquele processo. Informou também que as empresas possuem estreita ligação.

Da leitura da petição inicial, vê-se que as empresas do grupo possuem uma relação de complementaridade, havendo ainda uma unicidade administrativa. De outra feita, pela comparação do pedido de autofalência da Via Telecom S.A. com os demais pedidos das outras empresas, nota-se uma identidade de causa de pedir, o que autoriza a reunião dos processos para julgamento simultâneo.

Ressalte-se também que tal reunião se mostra como medida necessária, nos presentes autos, para se garantir a igualdade de credores no concurso de créditos instalado. Visa também assegurar a celeridade processual e a busca de satisfação de todos os credores.

Em que pese a existência de sentença de decretação de falência, é certo que a mesma, dada a particularidade do rito, apenas inicia o processo, o que afasta, de outra feita, a aplicação da Súmula 235 do STJ. Neste sentido:

> "As particularidades do rito do procedimento falimentar, que se inicia com a sentença de decretação da quebra, afasta a aplicabilidade do enunciado da Súmula 235 do Superior Tribunal de Justiça e autoriza a junção dos processos de falência (e das massas falidas) de Uniauto e Liderauto. Tal medida revela-se necessária para garantir a aplicação dos princípios da igualdade, razoabilidade, segurança jurídica e duração razoável do processo,(...)".(TJMG – AI nº 1.0024.03.117305-7/006 - Rel. do acórdão Des. Dídimo Inocêncio de Paula)

Portanto, restando demonstrada a existência de conexão entre este processo e o processo da

falência de Probank S.A. (autos nº 0024.10.293081-5), e sendo medida necessária para o bom andamento de ambas as falências, conforme já mencionado, DETERMINO A REUNIÃO dos processos de falência de Probank S.A. e Via Telecom S.A., que deverão tramitar apenas no primeiro processo (autos nº 0024.10.293081-5). Determino, em decorrência, o sobrestamento do presente processo.

Intime-se.

Belo Horizonte, 28 de janeiro de 2014.

Christyano Lucas Generoso

Juiz de Direito

# Exhibit A(4)

*Orders of Via Participations*

**Case records No. 0024.13.270908-0**

**Voluntary Petition for Bankruptcy**

**Petitioner: Via Participações S.A.**

      **Having examined the case, etc.**

      VIA PARTICIPAÇÕES S.A. filed with this Court a voluntary petition for bankruptcy on the grounds of article 105 of Law 11101/05, confessing its insolvency status and reporting its financial distress and the reasons that led to the current situation so as to justify its claim. Petitioner attached to the complaint the documents on pages 41/665.

      The trustee of the companies comprising the group made a statement on page 667/6710 and rendered an opinion that the complaint should be amendment for attachment of documents.

      The Public Prosecution Office made a statement on page 677/678 also expressing the opinion that the complaint should be amended.

      Petitioner requested for attachment of documents on pages 680/684 and 687.

      The trustee of the other companies of the group made another statement on page 692/697 and opinioned for the decree of the bankruptcy.

      The Public Prosecution Office made a statement on page 703/709 also opining for the bankruptcy adjudication.

      **This is the report. Due.**

      This is a voluntary petition for bankruptcy on the grounds of art. 105 of Law 11101/05 as the company is in a latent state of insolvency and, consequently, has failed to fulfill its obligations.

      The reasons explained in the complaint justifying the petition for bankruptcy are perfectly plausible, and the petition is supported by relevant documents.

      On this subject, art. 105 of the new Bankruptcy Law provides for the following, literally:

> *"Art. 105. A debtor in an economic-financial crisis finding that it does not fulfill the requirements to claim for a court-supervised reorganization shall petition for its own*

*bankruptcy, explaining the reasons why it can no longer proceed with its business activities and attaching thereto the following documents (…)"*

Therefore, as petitioner confessed to its insolvency and as it has fulfilled the requirements under art. 105 of Law 11101/2005, it is imperious to accept the request for bankruptcy under penalty of increase of losses for the creditors.

On this subject, our Court had the opportunity to state the following:

> *"Once the voluntary petition for bankruptcy is supported by all the documents relevant for the claim intended, it is imperious for the Bankruptcy Court to acknowledge the state of insolvency of the company petitioner and grant the petition."* (Minas Gerais Justice Court (TJMG) – Interlocutory Appeal No. 1.0000.00.252264-7/000(1) – Reporting Justice Bady Cury).

**In light of the above**, in compliance with these considerations and everything else in the case records, on the grounds of art. 107 of Law 11101/2005 I hereby adjudicate on the date hereof the **BANKRUPTCY** of **VIA PARTICIPAÇÕES S.A.,** with head office at Rua Nelson Soares, 356, Dom Bosco district, Belo Horizonte – MG, enrolled with the National Corporate Taxpayers Register (CNPJ) under No. 02.351.471/0001-70.

I set the legal term of the bankruptcy on the ninetieth (90th) day before distribution of the voluntary petition for bankruptcy, i.e. **April 10, 2013**, except for any possibility of change in view of any protest made before that.

On the terms of article 99, item V, of Law 11101/05, all executions and individual suits against the bankrupt parties involving rights and interests concerning the bankrupt Estate shall be suspended, except for the events provided for in art. 6, paragraphs 1 and 2 of the Law.

I set the period of fifteen (15) days for the creditors of the bankrupt company to prove their claims (art. 99, IV, Law 11101/05), subject to the form provided for in article 9 of the same Law.

The bankrupt partners **ESTATE OF JACIR GUIMARÃES ESTEVES** and **FRATES PARTICIPAÇÕES S.A.** shall be served notification on their representatives, respectively Célia Mara Machado Guimarães Esteves (page 623) and Frederico Radich (pages 601/602) so that they shall make the statements provided for in article 104 of the Bankruptcy Law, **before the registry**, under penalty of being held in contempt, within 05 days.

**Within that same term the bankrupt company shall submit certificates from protest offices further to the mandatory books and accounting documents required from it under the law.**

In the defense of the Estate's interests, I determine that an official letter be sent:

a) to **DETRAN/MG, TELEMAR, CEMIG, BOLSA DE VALORES AND REAL ESTATE REGISTRY** asking for information on the existence of assets and rights in the name of the bankrupt company, even if any has been transferred within the legal term of bankruptcy set on **April 10, 2013** and any freezing and non-transferability thereof shall be reported until there is any further orders from this Court, while the documents proving ownership and any transfer shall be sent;

b) to the **CENTRAL BANK OF BRAZIL** asking for the freezing of checking accounts and any investment the bankrupt company held with a financial institution subject to the Central Bank's inspection, and any balance shall be transferred to **BANCO DO BRASIL** – Branch 1615-2, Lafayette Courthouse, accrued with interest and monetary adjustment, to be made available to this court.

c) to the **FEDERAL REVENUE OFFICE** asking a copy of the last tax return filed by the bankrupt company and the confirmation of its CNPJ number, further to information on any right to any income tax refund;

d) to the **DISTRIBUTION REGISTRIES** of the **Federal and Labor Courts** asking for information on lawsuits in which the bankrupt company is a party. The court registry shall issue and attach a certificate on the existing lawsuits with State Courts.

e) to the **COMMERCIAL REGISTRY OF MINAS GERAIS (JUCEMG)** asking it to report the bankruptcy on the company's register so it shall henceforth show the word "bankrupt", the date of the bankruptcy adjudication and the lack of eligibility to engage in any business activity as from the bankruptcy adjudication and until there is a final court decision ceasing its obligations.

f) to the **DISTRIBUTION OF PROTEST OFFICES IN THIS CAPITAL CITY** asking for information on the existence of protests involving the bankrupt company.

I determine that the establishment be sealed, with issuance of the respective writ (art. 109)

I appoint as trustee **Mr. Sérgio Mourão Corrêa Lima**, registered with the Brazilian Bar Association, Minas Gerais Chapter (OAB/MG) 64.026, with office at Rua Curitiba, 2583, Lourdes, in this Capital City, who upon notification shall take the legal commitment within 24 hours and undertake the duties provided for in art. 22, III, of Law 11101/05.

A notice informing this decision in full and the list of creditors shall be published. Notify the **PUBLIC PROSECUTION OFFICE** and the **MUNICIPAL, STATE** and **FEDERAL TREASURY OFFICES**, while the Treasury Offices shall be notified by registered mail, of the contents of this decision, so that they may learn of the bankruptcy.

Costs shall be borne by the bankrupt company.

Notify the Public Prosecution Office and the Municipal, State and Federal Treasury Offices.

On the other hand, the trustee has requested on page 692/698 the attachment of this bankruptcy proceeding to the bankruptcy proceeding of Probank S.A. (case records No. 0024.10.293081-5).

Analyzing the case records, one sees that when petitioner claimed for a court-supervised reorganization, petitioner itself informed that it belonged to the same business group as Probank S.A., and requested that the distribution be made as a related case. It also informed that the companies have a close connection.

Reading the complaint, we can see that the group companies have a complementary relationship, and they also have an administrative unity. On the other hand, by comparing the petition for bankruptcy of Via Participações S.A. with petitions of other companies, an identity of cause of action is verified, which authorizes the union of the proceedings so they may be simultaneously judged.

It is also stressed that this union is a necessary measure for these case records in order to guarantee the equality among the creditors in the list of claims. This also aims at ensuring speedy trial and pursuit of payment to all creditors.

Notwithstanding the existence of a bankruptcy adjudication, it is certain that such adjudication, given the particularity of the procedure, only begins the proceeding, which therefore precludes the imposition of the Superior Court of Justice (STJ) Precedent 235. Accordingly:

> *"The particularities of the bankruptcy proceeding, which begins with the decision of the bankruptcy adjudication, exclude the applicability of the provisions in the Superior Court of Justice Precedent 235 and authorize the commingling of bankruptcy proceedings (and of the bankrupt estates) of Uniauto and Liderauto. This measure is necessary to guarantee the application of the principles of equality, reasonability, legal safety and reasonable duration of the proceeding (…)"* (TJMG – Interlocutory Appeal 1.0024.03.117305-7/006 – Report on the appellate decision by the Justice Dídimo Inocêncio de Paula).

Therefore, as the existence of a connection between this proceeding and the bankruptcy proceeding of Probank S.A. (case records No. 0024.10.293081-5) is proven, and as this measure is necessary for a good development of both bankruptcies, as mentioned above, **I DETERMINE THE COMMINGLING of the bankruptcy proceedings of Probank S.A. and Via Participações S.A.**, which shall henceforth be processed only in the first proceeding (case records No. 0024.10.293081-5). As a result, I determine the stay of this proceeding.

Notify.

Belo Horizonte, July 3, 2014

(sgd)

**Christyano Lucas Generoso**

Case No.: 13.270908-0

**Judge of Law**

CERTIFICATE
I certify and attest that:

1) I received these case records on 07/07/14
2) I sent it to the Judicial Gazette on 07/09/14
3) The Judicial Gazette published it on 07/11/14
   The Clerk: (initial)

mss/82448.doc
11/7/14

Case No.: 13.270908-0

Autos nº 0024.13.270908-0
Autofalência
Autora: Via Participações S.A.

**Vistos, etc.**

VIA PARTICIPAÇÕES S.A. ingressou perante este Juízo com o presente pedido de autofalência, com fundamento no artigo 105 da Lei 11.101/05, confessando seu estado de insolvência e narrando as suas dificuldades financeiras e razões pelas quais chegou a atual situação, de forma a justificar a sua pretensão. Com a inicial juntou os documentos de fls. 41/665.

O administrador judicial das empresas integrantes do grupo se manifestou à fls. 667/6710, opinando pela emenda da inicial, para juntada de documentos.

O Ministério Público se manifestou à fls. 677/678, também opinando pela emenda da inicial.

A autora pleiteou a juntada dos documentos à fls. 680/684 e 687.

O administrador judicial das outras empresas do grupo se manifestou novamente à fls. 692/697, opinando pela decretação da falência.

O Ministério Público manifestou-se à fls. 703/709, também opinando pela decretação da falência.

**É o relatório. Devido.**

Trata-se de requerimento de Autofalência com fulcro no art. 105 da Lei 11.101/05, tendo em vista estar a sociedade em latente estado de insolvência e, consequentemente, ter deixado de cumprir com de suas obrigações.

As razões explanadas na exordial, justificando o pedido de falência, são perfeitamente plausíveis, restando o pedido instruído com documentos pertinentes.

Sobre o assunto, dispõe o art. 105, da nova Lei de Falências, *"in verbis"*:

> *"Art.105: O devedor em crise econômica-financeira que julgue não atender aos requisitos para pleitear sua recuperação judicial deverá requerer ao juízo sua falência, expondo as razões da impossibilidade de prosseguimento da atividade empresarial, acompanhadas dos seguintes documentos (...)."*

Assim, tendo a autora confessado a sua insolvência e tendo, atendido os requisitos dos arts. 105, da Lei 11.101/2005, imperioso é o acolhimento do pedido de autofalência, sob pena de majorar os prejuízos dos credores.

Sobre a matéria, nosso Tribunal já teve a oportunidade de firmar o que se segue:

> *"Uma vez instruído o pedido de autofalência com todos os documentos pertinentes à pretensão desejada, torna-se imperioso ao Juízo Falimentar reconhecer o estado de insolvibilidade da empresa requerente, deferindo o pedido."* (TJMG – AI nº 1.0000.00.252264-7/000(1) – Rel. Des. Bady Cury).

**Pelo exposto**, fiel a estas considerações e a tudo mais que dos autos consta, com fulcro no art. 107 da Lei 11.101/2005, decreto, nesta data, a **FALÊNCIA** de **VIA PARTICIPAÇÕES S.A.**, com sede estabelecida à Rua Nelson Soares, 356, bairro Dom Bosco, Belo Horizonte – MG, inscrita no CNPJ sob o n.º 02.351.471/0001-70.

Fixo o termo legal da quebra no 90º (nonagésimo) dia anterior à distribuição do requerimento de autofalência, ou seja, **10 de abril de 2013**, ressalvando a possibilidade de alteração diante de eventual protesto realizado anteriormente.

Na forma do artigo 99, inciso V, da Lei 11.101/05, ficam suspensas todas as execuções e ações individuais contra os falidos sobre direitos e interesses relativos à Massa Falida, ressalvadas as hipóteses previstas nos §§ 1º e 2º do art. 6º da Lei.

Fixo o prazo de 15 (quinze) dias para que os credores da empresa falida apresentem suas habilitações de créditos (art. 99, IV, Lei 11.101/05), observando-se a forma estabelecida no artigo 9º da mesma Lei.

Intimem-se os sócios falidos **ESPÓLIO DE JACIR GUIMARÃES ESTEVES** e **FRATES PARTICIPAÇÕES S.A.**, através de seus representantes, respectivamente Célia Mara Machado Guimarães Esteves (fl. 623) e Frederico Radich (fls. 601/602), para os fins de prestar as declarações do artigo 104, da Lei de Falências, **em secretaria**, sob pena de crime de desobediência, no prazo de 05 dias.

**Neste mesmo prazo deverá a falida apresentar certidões dos cartórios de protestos, bem como os livros obrigatórios e os documentos contábeis que lhe forem exigidos por lei.**

Na defesa dos interesses da Massa, determino que se oficie:

a) ao **DETRAN/MG, TELEMAR, CEMIG, BOLSA DE VALORES E CARTÓRIOS DE REGISTRO DE IMÓVEIS**, solicitando informações sobre a existência de bens e direitos em nome da empresa falida, ainda que eventualmente transferidos dentro do termo legal da quebra, fixado em **10 de abril de 2013**, anotando-se a indisponibilidade e intransferibilidade dos mesmos, até nova ordem deste Juízo, com a remessa de documentos comprobatórios de titularidade e de eventual transferência;

b) ao **BANCO CENTRAL DO BRASIL**, solicitando o bloqueio de contas-correntes e de qualquer aplicação que a falida possua em Instituição financeira

subordinada a sua fiscalização, devendo eventuais saldos ser transferidos para o **BANCO DO BRASIL** - Ag. 1615-2, Fórum Lafayette, com juros e correção monetária, à disposição deste juízo.

c) à **RECEITA FEDERAL**, solicitando cópia da última declaração de renda da Falida e a confirmação do nº do CNPJ da mesma, bem como a informação sobre eventual direito de restituição de Imposto de Renda;

d) aos **CARTÓRIOS DISTRIBUIDORES** das **Justiças Federal e Trabalhista** para que informem sobre ações em que a falida seja parte. Deverá a secretaria extrair e juntar certidão que informe as ações existentes perante a Justiça Estadual.

e) à **JUCEMG**, solicitando que proceda a anotação da falência no registro da empresa, para que conste a expressão "falida", a data da decretação da falência e a inabilitação para exercer qualquer atividade empresarial a partir declaração da falência e até a sentença que extingue suas obrigações.

f) aos **CARTÓRIOS DISTRIBUIDORES DE PROTESTOS DA CAPITAL**, solicitando informação acerca da existência de protestos em nome da empresa falida.

Determino que seja lacrado o estabelecimento, com expedição de mandado respectivo (art. 109).

Nomeio como administrador judicial **o Dr. Sérgio Mourão Corrêa Lima**, OAB/MG 64.026, com endereço na Rua Curitiba, 2583, Lourdes, nesta Capital, que, intimado, deverá prestar compromisso legal, no prazo de 24h, bem como assumir as funções previstas no art. 22, III da Lei 11.101/05.

Publique-se edital contendo a íntegra desta decisão e da relação de credores. Intimar o **MINISTÉRIO PÚBLICO** e as **FAZENDAS PÚBLICAS MUNICIPAL**, **ESTADUAL** e **FEDERAL,** estas últimas através de carta registrada, do inteiro teor desta decisão, para que tomem conhecimento da falência.

Custas pela falida.

FLS. 714

Intime-se O Ministério Público e as Fazendas Públicas Municipal, Estadual e Federal.

Por outro lado, o administrador judicial pleiteou, à fls. 692/698, a reunião deste processo de falência com a falência de Probank S.A. (autos nº 0024.10.293081-5).

Analisando-se os autos, vê-se que a própria autora informou, quando pleiteou a concessão de recuperação judicial, pertencer ao mesmo grupo empresarial de Probank S.A., tanto que pleiteou a distribuição por dependência daquele processo. Informou também que as empresas possuem estreita ligação.

Da leitura da petição inicial, vê-se que as empresas do grupo possuem uma relação de complementaridade, havendo ainda uma unicidade administrativa. De outra feita, pela comparação do pedido de autofalência da Via Participações S.A. com os demais pedidos das outras empresas, nota-se uma identidade de causa de pedir, o que autoriza a reunião dos processos para julgamento simultâneo.

Ressalte-se também que tal reunião se mostra como medida necessária, nos presentes autos, para se garantir a igualdade de credores no concurso de créditos instalado. Visa também assegurar a celeridade processual e a busca de satisfação de todos os credores.

Em que pese a existência de sentença de decretação de falência, é certo que a mesma, dada a particularidade do rito, apenas inicia o processo, o que afasta, de outra feita, a aplicação da Súmula 235 do STJ. Neste sentido:

> *"As particularidades do rito do procedimento falimentar, que se inicia com a sentença de decretação da quebra, afasta a aplicabilidade do enunciado da Súmula 235 do Superior Tribunal de Justiça e autoriza a junção dos processos de falência (e das massas falidas) de Uniauto e Liderauto. Tal medida revela-se necessária para garantir a aplicação dos princípios da igualdade, razoabilidade, segurança jurídica e duração razoável do processo,(...)".*(TJMG – AI nº 1.0024.03.117305-7/006 - Rel. do acórdão Des. Dídimo Inocêncio de Paula).

Portanto, restando demonstrada a existência de conexão entre este processo e o processo da falência de Probank S.A. (autos nº 0024.10.293081-5), e sendo medida necessária para o bom andamento de ambas as falências,

conforme já mencionado, **DETERMINO A REUNIÃO dos processos de falência de Probank S.A. e Via Participações S.A.**, que deverão tramitar apenas no primeiro processo (autos nº 0024.10.293081-5). Determino, em decorrência, o sobrestamento do presente processo.

Intime-se.

Belo Horizonte, 03 de julho de 2014.

**Christyano Lucas Generoso**
**Juiz de Direito**

CERTIDÃO

Certifico e dou fé que:
1) Recebi estes autos em: 04 , 04 / 14
2) Enviei ao D.J. em 09 , 01 / 14
3) O D.J. publicou em 11 , 07 / 14
\\(A)  Escrivão(ã)

# Exhibit A(5)

## *Order of Consolidation*

**Case records No. 024.10.293.081-5**

**Bankruptcy**

**Plaintiff: Probank S.A. et al**

**Respondent: Bankrupt Estate of Probank S.A.**

**Having examined the case records, etc.**

On page 7942/7957 the Estate of Jacir Guimarães Esteves requested that all proceedings involving the Probank Group be commingled. In fact, the commingling of all such proceedings makes easier the work of all the parties involved. It should be on record that such commingling is being provided for.

Wilson Nélio Brumer and Shirlene Nascimento Brumer request on page 7906 that all notifications sent to them for compliance with obligations be regarded as void.

On the other hand, one may see that the Court judged the Motion for Clarification of the appellate decision releasing the movants from complying with the duties set under art. 104 of law 11101/05 and imposing that such duties be complied instead by Mr. Frederico Radich. This decision was upheld in full.

Therefore, despite of the request to have such acts annulled, the effect in question is inherent to the granting of the motion, which does not depend on a corresponding granting. As a result, I dismiss the request made on page 7940.

Accordingly, in view of the solution of the dispute, Mr. Frederico Radich shall be notified to comply with the obligations under art. 104 of the Bankruptcy Law, as ruled in Interlocutory Appeal No. 1.0024.10.293.081-5/0026 and submit the bankrupt company's books.

The bankrupt company shall be notified to inform the location of the vehicle described on page 7220, which this Court has determined to be frozen.

On the other hand, I dismiss the request for a court order for the Military Police to seize the vehicle because it is not incumbent on the police to do so.

An official letter shall be served on Banco Mercantil (page 7557/7558) informing that because of Probank S.A.'s bankruptcy adjudication any blocked balance shall be transferred to the account held by the bankrupt Estate that is connected to proceeding 024.10.293.081-5, of the Judicial District of Belo Horizonte.

An official letter shall be served on Banco do Brasil ordering the balance of the accounts informed on page 7807 to be transferred to the account held by the bankrupt Estate.

An official letter shall be served on the Superior Electoral Court (TSE) requesting for information on any active contracts executed with Probank, Engetec, Via Telecom, Via Participações and Probank Participações and their affiliates, further to information on any outstanding balance due to them, and any such amounts shall be deposited in favor of this Court at the bankrupt Estate's account.

Upon reply to the official letters, the other requests will be analyzed.

An official letter shall be sent to the 5th Labor Court of Recife, State of Pernambuco requesting the transfer of the appeal bond into the account of the bankrupt Estate connected to this proceeding (page 8036/8037).

The Office shall verify in which proceeding the case records involving the bankrupt companies will be processed and if there is anything that requires a joint processing.

The trustee shall be notified to provide a copy of the content of the servers seized to the Estate Jacir Guimarães Esteves, as reiterated on page 8313/8425 and, if that is not possible, inform the reasons thereof.

The trustee shall render an opinion on the requests made on page 8422/8423, items "c" and "d", and he shall inform whether the assets of Via Telecom have been collected.

Furthermore, the trustee shall also submit the report under art. 22, III, of law 11101/05.

The parties in the proceeding and interested parties shall be allowed to read the reports on collections and appraisal of the assets.

Belo Horizonte, October 1, 2014.

**Christyano Lucas Generoso**

**Judge of Law**

### CERTIFICATE OF PUBLICATION

I hereby certify and attest that,

I received these case records on: 10/06/2014;

I sent it to the State Official Gazette on: 10/06/2014;

The State Official Gazette was made available on 10/07/2014;

**Considered as published on: 10/08/2014**

**For the Clerk.**

mss/82451.doc
11/7/14

Autos nº 024.10.293.081-5

## Falência

**Autor:** Probank S.A. e outros

Réu: Massa Falida de Probank S.A.

Vistos, etc.

À fl. 7942/7957 o Espólio de Jacir Guimarães Esteves requereu a reunião de todos os processos referentes ao Grupo P

robank. De fato, a reunião de todos os processos facilita o trabalho de todos aqueles envolvidos. Registre-se que tal reunião já está sendo providenciada.

Wilson Nélio Brumer e Shirlene Nascimento Brumer requeraram, à fl. 7906 requereu que fossem tornadas sem efeito as intimações encaminhadas às aus pessoas para o cumprimento de obrigações.

Por outro lado, verifica-se que foram julgados os embargos de declaração do acórdão que desobrigou os agravantes do cumprimento dos deveres estabelecidos na norma do art. 104 da lei 11.101/05, impondo o cumprimento de tais deveres pelo Sr. Frederico Radich. Esta decisão foi mantida integralmente.

Assim, não obstante o requerimento de declaração de ineficácia de tais atos, tal efeito é inerente ao provimento do recurso, não dependendo de provimento a respeito. Indefiro, portanto, o requerimento de fl. 7940.

Nesse passo, tendo em vista a solução da controvérsia, intime-se o Sr. Frederico Radich para cumprimento da obrigações constantes no art. 104 da Lei de Falências, conforme decidido no Agravo de Instrumento nº 1.0024.10.293.081-5/0026 e apresentar os livros da falida.

Intime-se o falido ainda para informar onde se encontra o veículo descrito à fl. 7220, cuja indisponibilidade foi determinada por este Juízo.

Indefiro, por outro lado, o requerimento de ordem para que a Polícia Militar apreenda o automóvel uma vez que ela não tem atribuição para atuar neste sentido.

Oficie-se o Banco Mercantil (fl. 7557/7558) informando-lhe que, em virtude da decretação da falência da Probank S.A., quaisquer valores bloqueados devem ser transferidos para conta da massa falida, vinculada ao processo 024.10.293.081-5, da Comarca de Belo Horizonte.

Oficie-se o Banco do Brasil para que realize a transferência dos saldos das contas informadas à fl. 7807 para a conta da massa falida.

Oficie-se o TSE para informar se há contratos ativos celebrados com a Probank, Engetec, Via Telecom, Via Participações e Probank Participações e suas coligadas, além de informar se há saldo remanescente a ser pago às referidas empresas, fazendo o depósito de tais valores em favor deste juízo, na conta da massa falida.

Após a resposta do ofícios serão analisados os demais requerimentos.

Oficie-se ainda a 5ª Vara do Trabalho de Recife – PE para que transfira o depósito recursal para conta da massa falida, vinculada a este processo (fl. 8036/8037).

Certifique a Secretaria em qual processo estão tramitando os processos referentes as empresas sobre as quais houve a extensão da falência e se há alguma em que não houve o trâmite em conjunto.

Intime-se o administrador para providenciar cópia do conteúdo dos servidores arrecadados ao Espólio de Jacir Guimarães Esteves, conforme reiterado à fl. 8313/8425 e, caso não seja possível, informar as razões.

Ouça-se o administrador sobre os requerimentos de fls. 8422/8423, itens "c" e "d", devendo informar se houve a arrecadação dos bens da Via Telecom.

Intime-se ainda o administrador judicial para apresentação do relatório do art. 22, inc. III da lei 11.101/05.

Vista as partes e interessados sobre os laudos de arrecadação e avaliação dos bens.

Belo Horizonte, 1 de outubro de 2014.

Christyano Lucas Generoso
Juiz de Direito

CERTIDÃO DE PUBLICAÇÃO

Certifico e dou fé que,

Recebi estes autos em: 06/10/2014;

Enviei ao D.J.E. em: 06/10/2014;

Foi disponibilizado pelo D.J.E. em: 07/10/2014;

Considerou-se publicado em: 08/10/2014.
p/Esc.

# Exhibit B

## *Certificate of Clerk*

# JUDICIAL BRANCH OF THE STATE OF MINAS GERAIS

## LOWER COURT
## JUDICIAL DISTRICT OF BELO HORIZONTE
### SECOND BUSINESS COURT

### CERTIFICATE

**Anadyr Baeta Nunes, Clerk of the 2nd Business Court of the Judicial District of Belo Horizonte, Capital City of the State of Minas Gerais, pursuant to the law etc.**

CERTIFIES, answering the oral request of the interested party, that after reviewing the books of the Registry of Cases and also the SISCOM terminal, she has learned that there is a Bankruptcy Case in progress in this Court involving the Company PROBANK S/A, enrolled with the National Corporate Taxpayers Registry (CNPJ) under No.: 42.778.183/0001-10, case No. 0024.10.293.081-5. Such action was brought by the bankrupt company, on December 13, 2010, initially as a court-supervised reorganization, which was converted into bankruptcy by means of the judgment entered on September 11, 2013, with a statutory bankruptcy term scheduled for September 14, 2010. I further certify that Interlocutory Appeal No. 1.0024.10.293.081-5/026 was brought in view of the judgment that adjudicated bankruptcy entertained only with the effect of review, which was granted in part. Motion for Clarification No. 1.0024.10.293.081-5/029 has been filed and defined, and the decision has not become final and unappealable to date. CERTIFIES, in addition, that in the Bankruptcy Case of the Company VIA TELECOM S/A, enrolled with the CNPJ under No.: 01.116.942/0001-00, case No. 0024.11.268.197-8, the Court-Supervised Reorganization was converted into Bankruptcy by means of an adjudicatory judgment entered on January 28, 2014, which established as statutory bankruptcy term June 2, 2011. CERTIFIES, in addition, that in the Bankruptcy Case of the Company PROBANK PARTICIPAÇÕES S/A, enrolled with the CNPJ under No.: 07.798.485/0001-50, case No. 0024.13.267.359-1, the bankruptcy was adjudicated by means of a judgment entered on December 2, 2013, which established as statutory bankruptcy term April 6, 2013. CERTIFIES, in addition, that in the Voluntary Bankruptcy Case of the Company Via Participações S/A, enrolled with the CNPJ under No.: 02.351.471/0001-70, case 0024.13.270.908-0, bankruptcy was adjudicated by means of the judgment entered on July 3, 2014, and the statutory bankruptcy term was scheduled for April 10, 2013, CERTIFIES, in addition, that in all aforementioned bankruptcy cases the appointed bankruptcy trustee was Mr. Sergio Mourão Corrêa Lima, lawyer enrolled with the Brazilian Bar Association, Minas Gerais Chapter (OAB/MG) 64.026. CERTIFIES, finally, that in the bankruptcy cases of Via Telecom S/A (0024.11.268.197-8) and Via Participações S/A (0024.13.270.908-0), the joinder thereof with the bankruptcy case of Probank S/A was ordered, and only this last case should remain in progress (0024.10.293.081-5), with the suspension of the other two. The aforementioned is true and I certify it. Belo Horizonte, September 23, 2014. I, Eduardo Veloso Silva, Judicial Support Officer, typed it. And I, Anadyr Baeta Nunes, Clerk of Court, sign it.

(sgd)

Anadyr Baeta Nunes

Clerk of Court – 2nd Business Court

pgi/92232.doc
10/08/14



**PODER JUDICIÁRIO DO ESTADO DE MINAS GERAIS**

**JUSTIÇA DE PRIMEIRA INSTÂNCIA**
**COMARCA DE BELO HORIZONTE**
**SEGUNDA VARA EMPRESARIAL**

Av. Augusto de Lima, nº 1549, Sala OP 491, Barro Preto, Belo Horizonte/MG, CEP 30190-002

## C E R T I D Ã O

**Anadyr Baeta Nunes, Escrivã Judicial, da Secretaria do Juízo da 2ª Vara Empresarial da Comarca de Belo Horizonte, Capital do Estado de Minas Gerais, na forma da lei., etc.**

CERTIFICA, atendendo ao pedido verbal da parte interessada, que revendo os livros de Registro de Feitos e ainda o terminal do SISCOM, deles verificou constar que tramita perante esta Secretaria a Ação de Falência da Sociedade PROBANK S/A, inscrita no CNPJ, sob o nº: 42.778.183/0001-10, processo nº 0024.10.293.081-5. Referida ação foi ajuizada pela falida, em 13/12/2010, inicialmente como Recuperação Judicial, que foi convolada em falência, através de sentença proferida em 11/09/2013, com termo legal de quebra fixado em 14/09/2010. Certifico, ainda, que foi interposto o Agravo de instrumento nº 1.0024.10.293.081-5/026, em face da sentença que decretou a falência, recebido apenas em seu efeito devolutivo, ao qual foi dado parcial provimento. Foram interpostos embargos de declaração nº 1.0024.10.293.081-5/029 que foram rejeitados, não tendo ocorrido, ainda, o trânsito em julgado. CERTIFICA, ainda que na Ação de Falência da Sociedade VIA TELECOM S/A, inscrita no CNPJ, sob o nº: 01.116.942/0001-00, processo nº 0024.11.268.197-8, a Recuperação Judicial foi convolada em Falência, através de sentença decretatória proferida em 28/01/2014, que fixou como termo legal de quebra a data de 02/06/2011. CERTIFICA, ainda que na Ação de Falência da Sociedade PROBANK PARTICIPAÇÕES S/A, inscrita no CNPJ, sob o nº: 07.798.485/0001-50, processo nº 0024.13.267.359-1, foi decretada a falência através de sentença proferida em 02/12/2013, com termo legal de quebra fixado em 06/04/2013. CERTIFICA, ainda, que na ação de Autofalência da Sociedade Via Participações S/A, inscrita no CNPJ, sob o nº: 02.351.471/0001-70, processo



**PODER JUDICIÁRIO DO ESTADO DE MINAS GERAIS**

**JUSTIÇA DE PRIMEIRA INSTÂNCIA**
**COMARCA DE BELO HORIZONTE**
**SEGUNDA VARA EMPRESARIAL**

Av. Augusto de Lima, nº 1549, Sala OP 491, Barro Preto, Belo Horizonte/MG, CEP 30190-002

0024.13.270.908-0, foi decretada a falência através de sentença proferida em 03 de julho de 2014, com o termo legal de quebra fixado em 10 de abril de 2013. CERTIFICA, mais, que em todos os processos de falência acima citados foi nomeado como Administrador Judicial o Dr. Sergio Mourão Corrêa Lima, advogado inscrito na OAB/MG 64.026. CERTIFICA, por fim que, nos processos das falências de Via Telecom S/A (0024.11.268.197-8) e Via Participações S/A (0024.13.270.908-0), foi determinada a reunião com o processo de falência de Probank S/A, com a tramitação apenas deste último processo (0024.10.293.081-5) e sobrestamento dos outros dois. O referido é verdade e dou fé. Belo Horizonte, 23 de setembro de 2014. Eu, Eduardo Veloso Silva, Oficial de Apoio Judicial, a digitei. E eu, Anadyr Baeta Nunes, Escrivã Judicial, a assino.

Anadyr Baeta Nunes
Escrivã Judicial – 2ª Vara Empresarial

# Composite Exhibit C

## *Order Authorizing Chapter 15 Filing*

OSMAR BRINA CORRÊA LIMA - SÉRGIO MOURÃO CORRÊA LIMA – Advogados

Honorable Judge of the 2nd Business Court of Belo Horizonte, Minas Gerais

Case No. 0024.14.205.997-1

UNDER SEAL

(handwritten: "Forward urgently. BHE, August 28, 2014")

(sgd)

Christyano Lucas Generoso

Judge

The Bankrupt Estate of PROBANK S/A, PROBANK PARTICIPAÇÕES S/A, VIA TELECOM S/A and VIA PARTICIPAÇÕES S/A, in the case records of this Procedural Incident, hereby exposes and requests the following:

Whereas through the decision published on August 14, 2014, this Court determined the extension of the effects of the bankruptcy to various individuals and legal entities connected to the economic group of PROBANK-VIA/ENGETEC and WINBROS, **including individuals and legal entities located abroad;**

Whereas in the mentioned decision, this **Court authorized the hiring of the specialized firms KRIKOR KAYSSERLIAN E ADVOGADOS ASSOCIADOS and OAR BRASIL CONSULTORIA LTDA., for purposes of, in different countries:**

(a) adopting measures for purposes of the breach of the company, bank and financial secrecy of various individuals and legal entities referred to in this Incident of extension of effects of the bankruptcy; and

(b) tracing, blocking and repatriating money and other assets of the bankrupt companies and of the individuals encompassed by the extension of the effects of the bankruptcy (Defendants in this Incident);

Whereas as a result of the international transactions narrated in the request for early relief, **it is necessary that the Bankrupt Estates file for ancillary bankruptcy in the United States of America by means of which judicial aid shall be granted for adopting a variety of measures on the U.S. territory;**

Whereas, with the granting of the request for ancillary bankruptcy, the Brazilian bankruptcy proceedings shall be acknowledged by the U.S. Judiciary Branch, thus allowing that the Bankrupt Estate collect assets in that jurisdiction, which shall be destined to pay the creditors qualified in the Brazilian bankruptcy proceedings;

**Whereas the Brazilian bankruptcy proceedings shall continue to be the main lawsuit to which the assets collected abroad shall be repatriated to the benefit of the creditors jeopardized in Brazil;**

Whereas this Court has already authorized the Court Administrator to act as the international representative of the Bankrupt Estates pursuant to the decision of page 1657,

**the Bankrupt Estate of PROBANK S/A, PROBANK PARTICIPAÇÕES S/A, VIA TELECOM S/A and VIA PARTICIPAÇÕES S/A hereby requests that this Court authorize the filing in the jurisdiction of the United States of America of the request for ancillary bankruptcy that will allow adopting the necessary judicial measures for the collection of the Defendants' assets.**

On which terms, granting is requested.

Belo Horizonte, August 28, 2014.

(sgd)

**Sérgio Mourão Corrêa Lima – Court Administrator of the Bankrupt Estates of PROBANK S/A,**

**PROBANK PARTICIPAÇÕES S/A, VIA TELECOM S/A and VIA PARTICIPAÇÕES S/A**

**Brazilian Bar Association, Minas Gerais Chapter ("OAB/MG") 64.026**

Records Held under Advisement.

On September 2, 2014, I hereby send the cases records to the Honorable Judge. The Clerk (sgd)

**Case records No. 0024.14.205997-1**

**Examined, etc.**

1. Pursuant to article 22, "I", "n" and "o" of Law No. 11101/05, it shall be incumbent upon the court administrator to represent the bankrupt estate in court and as it is its exclusive prerogative to perform acts capable of ensuring rights and actions and also to file all the necessary measures to protect the bankrupt estate, I hereby grant the request under pages 1676/1677 and authorize the filing of the judicial measures required for the purposes of this case before the U.S. Justice, namely the filing of ancillary bankruptcy.

2. In light of the possibility of ascribing rehearing effects to the appeals under pages 1685/1811, the plaintiffs/appellees are hereby notified to answer with respect thereof within 10 days.

3. The plaintiffs are also requested to answer regarding the certificate in page 1631-overleaf.

4. By virtue of the complexity and absence of imminent risk of difficult-to-repair injury, the requests under pages 1655/1656 and of 1676/1684 shall be analyzed together with the appeal under page 1685/1811.

Notify.

Belo Horizonte, September 2, 2014.

(sgd)

**Christyano Lucas Generoso**

**Judge**

## CERTIFICATE

I hereby certify and give faith that

1) I received these case records on September 2, 2014.

2) I sent them to the Justice Gazette on September 2, 2014.

3) The Justice Gazette published it on September 4, 2014.

Clerk (sgd)

chr/92877.doc
11/24/14

# OSMAR BRINA CORRÊA LIMA
# SÉRGIO MOURÃO CORRÊA LIMA

### Advogados

**Excelentíssimo Senhor Juiz de Direito da 2ª Vara Empresarial
de Belo Horizonte – MG**

*Seba com urgência.
BHE, 28.08.14.*

**Processo nº 0024.14.205.997-1
SEGREDO DE JUSTIÇA**

*Christiano Lucas Generoso*
Juiz de Direito

A **Massa Falida de PROBANK S/A, PROBANK PARTICIPAÇÕES S/A,
VIA TELECOM S/A e VIA PARTICIPAÇÕES S/A,** nos autos do presente
Incidente Processual, vem expor e requerer o seguinte:

Considerando que, através da decisão publicada em 14 de agosto de 2014, este
abalizado Juízo determinou a extensão dos efeitos da quebra a diversas pessoas
físicas e jurídicas ligadas ao grupo econômico de PROBANK-VIA/ENGETEC e
WINBROS, **inclusive pessoas físicas e jurídicas situadas no exterior**;

Considerando que, na referida decisão, **este abalizado Juízo autorizou a
contratação das sociedades especializadas KRIKOR KAYSSERLIAN E
ADVOGADOS ASSOCIADOS e OAR BRASIL CONSULTORIA LTDA.,
para fins de, <u>em diferentes países</u>**:

- (a) adotarem providências para fins de quebra de sigilo societário,
  bancário e financeiro das diversas pessoas físicas e jurídicas referidas
  no presente Incidente de extensão dos efeitos da quebra; e

- (b) rastrearem, bloquearem e repatriarem dinheiro e demais bens das
  sociedades falidas e das pessoas atingidas pela extensão dos efeitos da
  quebra (Réus neste Incidente);

Considerando que, em virtude das operações internacionais narradas no pedido
de tutela antecipada, **é necessário que as Massas Falidas ingressem com
pedido de falência auxiliar nos Estados Unidos da América, por meio da
qual será concedido auxílio judicial para a adoção de diversas medidas no
território norte-americano**;

# OSMAR BRINA CORRÊA LIMA
# SÉRGIO MOURÃO CORRÊA LIMA

**Advogados**

Considerando que, com o deferimento do pedido de falência auxiliar, o processo de falência brasileiro será reconhecido pelo poder judiciário dos Estados Unidos da América, permitindo, assim, que a Massa Falida arrecade ativos naquela jurisdição, os quais serão destinados para pagar os credores habilitados no processo falimentar brasileiro;

**Considerando que o processo de falência brasileiro continuará sendo o processo principal, para o qual os ativos arrecadados no exterior serão repatriados em benefício dos credores prejudicados no Brasil;**

Considerando que este abalizado Juízo já autorizou o Administrador Judicial a figurar como representante internacional das Massas Falidas, nos termos da decisão de fl. 1.657,

**a Massa Falida de PROBANK S/A, PROBANK PARTICIPAÇÕES S/A, VIA TELECOM S/A e VIA PARTICIPAÇÕES S/A vem requerer que este abalizado Juízo se digne a autorizar a propositura, na jurisdição dos Estados Unidos da América, do pedido de falência auxiliar, o qual permitirá que sejam adotadas as medidas judiciais necessárias à arrecadação dos bens dos Réus.**

Termos em que,
pede deferimento.

Belo Horizonte, 28 de agosto de 2014.

*Sérgio Mourão Corrêa Lima*
**Administrador Judicial das Massa Falidas de
PROBANK S/A, PROBANK PARTICIPAÇÕES S/A,
VIA TELECOM S/A e VIA PARTICIPAÇÕES S/A
OAB/MG 64.026**



| CONCLUSÃO |
|---|
| Em 02 de 09 de 2014, faço os presentes autos conclusos ao MM. Juiz. A Escrivã, |

**Autos nº 0024.14.205997-1**

**Vistos, etc.**

1. Nos termos do art. 22, "l", "n" e "o" da Lei nº 11.101/05, competindo ao administrador judicial a representação da massa falida em juízo, bem como sendo seu *munus* praticar atos conservatórios de direitos e ações e ainda requerer todas as medidas necessárias a proteção da massa, defiro o pedido de fls. 1676/1677 e autorizo a propositura de medidas judiciais necessárias aos fins deste processo, perante a justiça dos Estados Unidos da América, notadamente a propositura de falência auxiliar.

2. Dada a possibilidade de atribuição de efeitos infringentes aos embargos de fls. 1685/1811, vista às autoras/embargadas para se manifestarem a respeito dos mesmos, no prazo de 10 dias.

3. No mesmo prazo, manifestem-se as autoras a respeito da certidão de fls. 1631-v.

4. Em função da complexidade e da ausência de risco iminente de prejuízo de difícil reparação, os pedidos de fls. 1655/1656 e 1676/1684 serão analisados conjuntamente com os embargos de fls. 1685/1811.

Intime-se.

Belo Horizonte, 02 de setembro de 2014.

**Christyano Lucas Generoso**
**Juiz de Direito**

**C E R T I D Ã O**

Certifico e dou fé que:
1) Recebi estes autos em 02 /09 / 2014
2) Enviei ao D.J. em 02 /09 / 2014
3) O D. J. Publicou em 04 /09 / 2014
A Escrivã

# Exhibit D

## *Statement of the Foreign Representative*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    Chapter 15

PROBANK S.A., PROBANK PARTICIPAÇÕES S.A.,                 Case No.:
VIA TELECOM S.A., VIA PARTICIPAÇÕES S.A.,

Debtors in a Consolidated Foreign Proceeding.
_____/

## STATEMENT OF FOREIGN REPRESENTATIVE AND LIST OF ADMINISTRATORS, PARTIES AND ENTITIES PURSUANT TO 11 U.S.C. § 1515(c) AND RULE 1007(a)(4)

I, Dr. Sérgio Mourão Corrêa Lima, pursuant to the requirements of 11 U.S.C. § 1515(c)

and Federal Rule of Bankruptcy Procedure 1007(a)(4), state as follows:

**Identification of Foreign Proceedings Involving the Debtors**

1.     There is only one foreign proceeding with respect to the above-mentioned debtors

known to me – the consolidated foreign proceeding before the Second Business Court of the City

of Belo Horizonte, State of Minas Gerais, Brazil ("Brazilian Proceeding"), which proceeding is

before this Court on the Verified Petition for Recognition.

2.     The Brazilian Proceeding is more fully identified and described in the Verified

Petition for Recognition.

**List of Names and Addresses of Persons Authorized to Administer Foreign Proceedings**

3.     I am the only individual authorized to administer the Brazilian Proceeding.

4.     I am the only individual duly appointed as a Foreign Representative for the

Brazilian Proceeding.

5.    My address is

**c/o Henrique Forssell**
**Krikor, Kaysserlian, Duarte & Forssell Advogados**
**Av. Paulista 1499, cj 204, 2º andar**
**Bela Vista, São Paulo, SP**
**CEP 01311.928**

## List of all Parties to Litigation Pending in the U.S. in Which the Debtors are Parties

6.    There is no litigation pending in the United States in which the debtors are parties

at the time of filing the Verified Petition for Recognition.

## List of all Entities Against Whom Provisional Relief is Sought

7.    There are no entities against whom provisional relief, pursuant to 11 U.S.C. §

1519, is being sought.

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

Executed on: _____
                         December 5, 2014

By: _____
        Dr. Sérgio Mourão Córrea Lima

# Exhibit E

*Statement of Corporate Ownership*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                        Chapter 15

PROBANK S.A., PROBANK PARTICIPAÇÕES S.A.,          Case No.:
VIA TELECOM S.A., VIA PARTICIPAÇÕES S.A.,

     Debtors in a Consolidated Foreign Proceeding.
_____/

## RULE 7007.1 CORPORATE OWNERSHIP STATEMENT

Dr. Sérgio Mourão Corrêa Lima, as Trustee and duly appointed Foreign Representative, in compliance with Federal Rules of Bankruptcy Procedure 1007(a)(4) and 7007.1, discloses the following:

1. With respect to Probank Participações S.A., the following entities directly or indirectly own 10% or more of the corporation's equity interests:

   a. Espólio de Jacir Guimarães Esteves, which controls 75% of the share capital;

   b. Fratres Participações S.A., a Brazilian entity, which controls 25% of the sharecapital;

2. With respect to Probank S.A., the following entities directly or indirectly own 10% or more of the corporation's equity interests:

   a. Probank Participações S.A., owns 100% of share capital;

3. With respect to Via Telecom S.A., the following entities directly or indirectly own 10% or more of the corporation's equity interests:

   a. Via Participações S.A., owns 100% of the share capital;

4. With respect to Via Participações S.A., the following entities directly or indirectly own 10% or more of the corporation's equity interests:

a.  Probank Participações S.A., owns 100% of the share capital;

Dated: December 22, 2014                    Respectfully submitted,

                                            ASTIGARRAGA DAVIS
                                            MULLINS & GROSSMAN, P.A.
                                            *Counsel for the Trustee*
                                            1001 Brickell Bay Dr., 9th Floor
                                            Miami, Florida 33131
                                            Telephone (305) 372-8282
                                            Facsimile (305) 372-8202
                                            Email: ggrossman@astidavis.com
                                                   edavis@astidavis.com
                                                   aescobar@astidavis.com
                                                   asandoval@astidavis.com

                            By:    */s/ Gregory S. Grossman*
                                   Gregory S. Grossman
                                   Florida Bar No.: 896667
                                   Edward H. Davis, Jr.
                                   Florida Bar No.: 704539
                                   Annette C. Escobar
                                   Florida Bar No.: 88600
                                   Andres H. Sandoval
                                   Florida Bar No.: 113605

# Composite Exhibit F

*Order of Liquidation for Fratres Participações S.A.*

2982

Case record no. 0024.14.205997-1
Incidental motion on Extension of Bankruptcy Effects

The record has been examined, etc.

1. On pages 1655/1656, the plaintiffs are requesting the extension of interlocutory relief to defendant Fratres Participações S.A., since, due to a material error, a claim was not made against it, even though there were grounds to do so.

Upon analyzing the record, the existence of this material error can be seen. In the complaint, it can be seen that the plaintiffs included Frattres Participações among the defendants and even presented grounds for the request of a preliminary extension of the effects of the bankruptcy in relation to it; however, they did not make the request.

This can also be seen by the fact that the decision to provide interlocutory relief on pages 1598/1605 mentions this company on page 1602, noting the possibility of its participation in the facts alleged by the plaintiffs since it managed the group at the time of the events and was also a shareholder of Probank.

Therefore, having noted the material error, I correct it, **to extend the effects of the decision on pages 1599/1605, and therefore, of the bankruptcy of Probank S.A., Probank Particpações S.A. and Via Telecom S.A. to Fratres Participações S.A**.

2. On pages 1678/1684, the plaintiffs also requested several measures to implement the decision on pages 1598/1605, such as the issuance of an official letter to the Central Bank regarding unavailability of assets and freezing of funds.

[initials]

1

In regard to the request to issue an official letter to the Central Bank to verify the existence of the remittance of funds from Brazil abroad or vice-versa by the defendants - since this information is important for the conclusion of this case, and possibly, to pay the bankruptcy credits - **I partially grant this request,** **ordering the issuance of an official letter only for those defendants against which the effects of the bankruptcy had not been extended or for which the piercing of the corporate veil is suspended as a result of the interlocutory appeal filed.**

In regard to the request that the assets of these defendants be declared unavailable, this claim also has the nature of interlocutory relief and must be analyzed in light of article 273 of the Code of Civil Procedure. The allegations are reasonable as presented in the decision on pages 1598/1605. In addition, once the effects of the bankruptcy have been extended and the corporate veil has been pierced, one of the consequences is, precisely, the search for the assets of the parties that are affected by the measure, both individuals and legal entities.

On the other hand, the risk of delay in the jurisdictional remedy is clear, since by the time this proceeding is ended assets may be transferred, which would harm the practical effects of the measures ordered.

It should also be kept in mind that the unavailability of the defendants' assets is a measure that can be reversed in the event that the request is denied.

Therefore, **I order that the real property and personal property of the defendants** **be declared** **unavailable,** **excluding those defendants for which the effects of the bankruptcy were extended or the legal personality was suspended as a result of the interlocutory appeal filed.**

For this purpose, I order that official letters be sent to the real estate registries indicated on page 1682.

I deny the request to issue an official letter to the agencies listed on page 1683, as I see no practical effect to be derived from this.

[initials]

Finally, in regard to the request to freeze funds through the Bacenjud, in spite of the presence of the requirements to grant interlocutory relief, I understand that this measure could lead to irreversible harm to the defendants since this freezing of funds could lead to a collapse in their activities. It should be noted that the extension of the effects of bankruptcy and the piercing of the corporate veil were measures decreed as interlocutory relief, and thus cannot lead to irreversible harm.

3. On pages 1685/1697, Romeu Scarjoli filed a motion for clarification with the effect of an appeal of the non-unanimous appellate decision against the decision on pages 1598/1606, which granted the request to pierce the corporate veil in order to reach him. He claims that the requirements to grant the interlocutory relief are not present in regard to him, since he was not on the board or part of the company at the time of the events. He asked that the decision under appeal be overturned in order to remove the interlocutory relief in regard to him.

The plaintiffs objected to the appeal on pages 2510/2521.

I will now decide.

Firstly, it should be noted that, although the appeal for clarification does not generally seek to modify decisions, on an exceptional basis it can be used for this purpose. In this case, given the complexity of the claim and the facts narrated by the appellant, this possibility can be envisioned. Thus, I will hear the appeal, since it was filed on a timely basis.

In regard to the merit, the appellant claims that there is insufficient evidence to grant the interlocutory relief in regard to him. It is true that in order to grant interlocutory relief, Art. 273 of the Code of Civil Procedure requires the concomitant existence of the reasonableness of the allegations and the risk of ineffectiveness of the judicial measure in light of the delay in providing a judicial remedy.

In this case, upon examining the case record, it can be seen that the allegations are reasonable. As can be seen in the documents on pages 2523/2543, during the period in which the appellant was a shareholder of Winbros, there were several contracts executed between the companies controlled by Winbros that are now bankrupt and the company

[initials]

Engetec S.A. Operações in which funds may have been diverted.

On the other hand, the documents on pages 1760/1761 and 1779/1782 show that the appellant was a member of the Board of Directors of Probank Participações S.A. during the periods from 04/06/2009 to 08/17/2009 and 12/01/2009 to 02/01/2010, a period that coincides with some of the aforementioned contracts. It should be noted that there is evidence that this company was a member of the Probank-Via group.

Therefore, at this point, we can see that the allegations are reasonable, and this conclusion was not disproved by the documents added to the record by the appellant. Since the requirements are still present, the interlocutory relief granted against the appellant shall remain in effect.

**Based on the foregoing, I DENY the appeal for clarification with the effect of an appeal against a non-unanimous appellate decision and I uphold the decision under appeal as it was granted.**

4. On pages 2550/2563, the plaintiffs also requested the inclusion of the company Tempore Soluções de Informática S.A. as a defendant in the case, and also requested that the effects of the bankruptcy be extended to this company, as interlocutory relief.

Pursuant to the terms of Art. 294 of the Code of Civil Procedure, since all of the service of process requested was not performed, I GRANT the inclusion of Tempore Soluções de Informática S.A., identified on page 2563, as a defendant in this case. **Send this order to the court clerk for inclusion as a defendant in this case.**

In regard to the request for interlocutory relief, as mentioned, in order for it to be granted the requirements of reasonableness of the allegations and the risk of delay in providing a judicial remedy must be present.

In this case, in relation to the defendant Tempore Soluções de Informática S.A., I believe that, at least at this point, the allegations are not reasonable. It has not been shown that this company is a successor of Engetec, and there are no shared shareholders, headquarters or other elements that would show, or at least indicate, the occurrence of succession.

[initials]

The only thing that has been demonstrated is that these companies acted together to win a bidding procedure at the TSE, which is not sufficient to merit interlocutory relief, even more so when the relief sought – the extension of the effects of bankruptcy – is evidently serious.

**Therefore, I DENY the interlocutory relief requested against Tempore Soluções de Informática S.A.**

5. In relation to the appeals indicated on pages 1830/1862, 1890/1917, 2647/2659, 2899/2911, 2921/2933 and 2942/2981, I uphold the decision under appeal, based on its own merits.

Provide the information requested by the Court of Appeals of Minas Gerais.

In order to ensure better visualization and to avoid taking measures against the defendants whose request for suspension was granted, in a writ of mandamus filing (pages 2915/2930), prepare a list on the back cover of this volume, indicating the names of the defendants that obtained the suspension, as well as the page numbers where this is indicated.

**Also notify the plaintiffs of the suspensions so that the proper measures can be taken.**

6. In light of the motion for clarification on pages 2661/2672 and the possibility of attributing the effect of an appeal against a non-unanimous appellate decision to it, notify the counsel of the appellant to sign the appeal.

Afterwards, allow the plaintiffs access to the case record to object to the appeal for a period of ten days.

7. Also allow the plaintiffs access to the record, for the same period of time, to comment on the returns of the unperformed services of process.

Make the notifications.

Belo Horizonte, October 16, 2014

[Signature]

Chrisyano Lucas Generoso

Judge

Autos nº 0024.14.205997-1

Incidente de Extensão de efeitos de falência

Vistos, etc.

1. As autoras pleitearam à fls. 1655/1656, a extensão da tutela antecipada à ré Fratres Participações S.A. uma vez que, por um erro material, o pedido não fora feito em relação a ela, embora houvesse fundamentos para tal.

Analisando-se os autos, constata-se a ocorrência do erro material informado. Nota-se, pela petição inicial, que as autoras incluíram a Fratres Participações no polo passivo da demanda, tendo inclusive apresentado fundamentos ao pedido de extensão liminar dos efeitos da falência com relação a ela, não efetuando, contudo, o pedido.

Tanto assim o é que a própria decisão de antecipação dos efeitos da tutela, à fls. 1598/1605, faz menção à referida sociedade à fls. 1602, informando a possibilidade de participação da mesma nos fatos alegados pelas autoras, uma vez que ela geria o grupo à época dos fatos, sendo também sócia da Probank.

Sendo assim, constatado o erro material, supro-o, para estender os efeitos da decisão de fls. 1599/1605 e, em consequência, da falência de Probank S.A., Probank Participações S.A. e Via Telecom S.A. para a empresa Fratres Participações S.A.

2. As autoras também pleitearam, à fls. 1678/1684, diversas medidas com vistas à efetivação da decisão de fls. 1598/1605, tais como expedição de ofício ao Banco Central, indisponibilidade de bens e bloqueio de valores.

No que tange ao pedido de expedição de ofício ao Banco Central para se aferir a existência de remessa de recursos do Brasil para o exterior ou o contrário, por parte dos réus, em sendo tal informação importante para o deslinde da causa e, eventualmente, para a satisfação dos créditos falimentares, **defiro parcialmente tal pedido** determinando a expedição do ofício apenas para os réus que não tiveram a extensão dos efeitos da falência ou a desconsideração da personalidade jurídica suspensos em função de agravo de instrumento interposto

No que tange ao pedido de indisponibilidade dos bens dos réus, tal pleito também possui natureza de antecipação de tutela, devendo ser analisado à luz do art. 273 do CPC. No que tange à verossimilhança das alegações, a mesma está presente, conforme explicitado na decisão de fls. 1598/1605. Ademais, uma vez estendidos os efeitos da falência e determinada a desconsideração da pessoa jurídica, uma das consequências é justamente a busca do patrimônio das pessoas, físicas e jurídicas, atingidas pela medida

Por outro lado, o risco de demora na prestação jurisdicional é claro, uma vez que, até o final trâmite desta demanda, pode haver a transferência de patrimônio, de forma a prejudicar os efeitos práticos das medidas determinadas.

É de se ter em mente também que a indisponibilidade dos bens dos réus é medida que pode ser revertida em caso de improcedência do pedido à sociedade

Portanto, **determino a indisponibilidade dos bens móveis e imóveis dos réus**, excetuando-se também os réus que tiveram a extensão dos efeitos da falência ou a desconsideração da personalidade jurídica suspensos em função de agravo de instrumento interposto

Para tanto, expeçam-se ofícios aos cartórios de registros de imóveis informados à fl. 1682.

Indefiro a expedição de ofício aos órgãos elencados à fls. 1683, por não vislumbrar nenhum efeito prático.

Por fim, no que tange ao pedido de realização de bloqueio de valores através do Bacenjud, em que pese a existência dos requisitos para deferimento da tutela antecipada, tenho que tal medida pode acarretar em dano irreversível aos réus, uma vez que tal bloqueio pode acarretar em colapso das atividades dos mesmos. Ressalte-se que a extensão dos efeitos da falência e a desconsideração da personalidade jurídica foram medidas decretadas em sede de antecipação de tutela, não podendo acarretar em prejuizo irreversível.

3. Romeu Scarioli interpôs, à fls. 1685/1697, embargos de declaração com efeitos infringentes em face da decisão de fls. 1598/1605 que deferiu a desconsideração da personalidade jurídica, com vistas a atingir a sua pessoa. Alega que não estão presentes os requisitos para o deferimento da tutela antecipada quanto a si, já que não participava da diretoria ou da sociedade quando dos fatos. Requereu que a decisão embargada seja reformada, para se afastar, quanto a ele, a tutela antecipada deferida.

As autoras impugnaram os embargos à fls. 2510/2521.

**Decido.**

A princípio, é de se esclarecer que, embora os embargos de declaração não visem, em regra, modificar decisões, excepcionalmente podem ser utilizados para tanto. No caso, dada a complexidade da demanda e os fatos narrados pelo embargante, vê-se essa possibilidade. Assim, recebo os embargos, posto que tempestivos.

No mérito, o embargante alega que não há provas suficientes para o deferimento da tutela antecipada com relação a si. É certo que o art. 273 do CPC, exige, para a concessão de antecipação dos efeitos da tutela, a existência concomitante da verossimilhança das alegações e do risco de ineficácia do provimento, em face da demora na prestação jurisdicional.

No caso, reanalisando-se os autos, persiste a existência da verossimilhança das alegações. Conforme se pode verificar pelos documentos de fls. 2523/2543, nota-se que, durante o período em que o embargante integrou o quadro societário da Winbros, ocorreram várias contratações entre as empresas controladas pela Winbros e que hoje estão falidas e a empresa

Engetec S.A., operações onde há a possibilidade de ter havido desvio de recursos.

Por outro lado, os documentos de fls. 1760/1761 e 1 779/1782 demonstram que o embargante era integrante do Conselho de Administração de Probank Participações S A durante os períodos de06 04 2009/17 08 2009 e 01.12.2009/01.02.2010, período que coincide alguns dos contratos acima mencionados. Ressalte-se que há indícios de que tal empresa era integrante do grupo Probánk-Via.

Portanto, em um primeiro momento, nota-se a existência de verossimilhança das alegações, que não foi afastada pelos documentos juntados pelo embargante. Permanecendo os requisitos, a tutela antecipada concedida em face do embargante deve ser mantida.

Pelo exposto, **R EJEITO** o s **embargos de declaração com efeitos infringentes** e mantenho a decisão embargada como proferida.

4. As autoras também pleitearam, à fls. 2550/2563, a inclusão da empresa Tempore Soluções de Informática S.A. no polo passivo da demanda, pleitando também a extensão dos feitos da falência, em sede de tutela antecipada, com relação a ela.

Nos termos do art. 294 do CPC, uma vez que não restaram realizadas todas as citações, **DEFIRO a inclusão de Tempore Soluções de Informática S.A.**, qualificada à fl. 2563, no polo passivo da lide. **Encaminhe-se à distribuição para inclusão no polo passivo da lide.**

Quanto ao pedido de antecipação da tutela, conforme já mencionado, para seu deferimento devem estar presentes os requisitos da verossimilhança das alegações e do risco na demora da prestação jurisdicional.

No presente caso, com relação à ré Tempore Soluções de Informática S.A., tenho que não se vislumbra, ao menos em um primeiro momento, a verossimilhança das alegações. Não restou evidenciado que tal empresa seja uma sucessora da Engetec, não havendo também coincidência entre sócios, sede ou outros elementos que demonstrassem, ao menos indiciariamente, a ocorrência de sucessão.

Resta apenas que tais empresas atuaram em conjunto para vencer uma licitação perante o TSE, o que não é suficiente para ensejar o deferimento da tutela antecipada, ainda mais quando o provimento pleiteado – extensão dos efeitos da falência – for de evidente gravidade

**Portanto, <u>INDEFIRO</u>** a tutela antecipada pleiteada em desfavor de Tempore Soluções de Informatica S.A.

5. Com relação aos agravos informados a fls. 1830/1862, 1890/1917 2647/2659, 2899/2911, 2921/2933 e 2942/2981 mantenho a decisão agravada por seus próprios fundamentos.

Prestem as informações solicitadas pelo TJMG

Para melhor visualização e para o fim de se evitar a tomada de medidas em face dos réus que tiveram o pedido de efeito suspensivo deferido, inclusive em sede de mandado de segurança (fls. 2915/2930), elabore-se uma lista, na contracapa do último volume, informando os nomes dos réus que obtiveram o efeito suspensivo, bem como em quais folhas tal informação se encontra

**Intime-se também as autoras para que tomem conhecimento das suspensões, para os devidos fins.**

6. Haja vista os embargos de declaração de fls. 2661/2672 e a possibilidade de atribuição de efeitos infringentes aos mesmos, intime-se o procurador da embargante a assinar a peça dos embargos.

Após, vista à autoras para impugnar os embargos, pelo prazo de dez dias.

7. Vista também às autoras, pelo mesmo prazo, para se manifestarem a respeito dos retornos das cartas de citação, sem cumprimento.

Intimem-se.

Belo Horizonte, 16 de outubro de 2014.

Christyano Lucas Generoso

Juiz de Direito

5

# Exhibit G

## *Proposed Order*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          Chapter 15

PROBANK S.A., PROBANK PARTICIPAÇÕES S.A.,          Case No.:
VIA TELECOM S.A., VIA PARTICIPAÇÕES S.A.,

        Debtors in a Consolidated Foreign Proceeding,
_____/

### ORDER GRANTING RECOGNITION OF FOREIGN
### MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
### THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

THIS CAUSE came on for hearing on _____, 2014, upon the Verified Petition

For Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 and Request for

Hearing ("Chapter 15 Petition") (D.E. ___) seeking recognition and related relief pursuant to

Chapter 15 of the Bankruptcy Code, of a foreign proceeding ("Probank Proceeding"), pending

before the Second Business Court of the City of Belo Horizonte, State of Minas Gerais, Brazil

("Brazilian Court"), filed by Dr. Sérgio Mourão Corrêa Lima, as Trustee and Foreign

Representative of the consolidated bankrupt estate of Probank S.A., Probank Participações

S.A.,Via Telecom S.A., and Via Participações S.A. (collectively, "Probank Entities").[1] The Court: (a) finds that due and timely notice of the filing of the Chapter 15 Petition and this hearing was given by the Trustee as directed by this Court and (b) has considered the Chapter 15 Petition; the Brazilian Court Order dated October 1, 2014, by which the Brazilian Court consolidated the various proceedings of the Probank Entities into a single proceeding; the distinct Brazilian Court orders appointing the Trustee and opening the Court-supervised liquidation proceedings of the respective Probank Entities; the exhibit(s) attached thereto; related pleadings; the declarations and statements on file; and the entire record in this matter. Accordingly, the Court makes the following findings of fact and conclusions of law:

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

C.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.      The Trustee qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24) and is the duly appointed foreign representative of the Probank Proceeding.

E.      This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

F.      The Trustee has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

---

[1] As referred to in the Chapter 15 Petition, "Probank Entities" also refers to, where appropriate, the entities and individuals (collectively, "Related Entities") to which the Brazilian Court handling the Probank Proceeding extended the effects of the bankruptcy. A list of the Related Entities is attached as **Exhibit A** to this Order.

G.      The Probank Proceeding, and the provisions made thereunder for the protection, administration and distribution of assets, is a foreign proceeding pursuant to 11 U.S.C. §§ 101(23) and 1502(4).

H.      The Probank Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.      The Probank Proceeding is pending in the country where the center of main interests of the Probank Entities is located and accordingly the Probank Proceeding is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4) entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.      The Trustee is entitled to all relief provided pursuant to 11 U.S.C. § 1520 without limitation.

K.      The Trustee is further entitled to the relief expressly set forth in 11 U.S.C. § 1521 and such relief is granted hereby.

L.      The relief granted hereby is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and Federal Rule of Bankruptcy Procedure 7065 and will not cause any hardship to the creditors of the Probank Entities or other parties that is not outweighed by the benefits of the relief being granted.

NOW, THEREFORE, IT IS ORDERED and ADJUDGED that:

1.      The Probank Proceeding is granted recognition pursuant to 11 U.S.C. § 1517(a).

2.      The Probank Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

3.     The Brazilian Proceeding, including but not limited to the various Brazilian Court Orders attached to the Chapter 15 Petition, shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

4.     The Trustee is entrusted with the administration and realization of all or a part of the Probank Entities' and the Related Entities' assets within the territorial jurisdiction of the United States.

5.     All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities of the Probank Entities or the Related Entities located in the United States.

6.     All persons and entities are stayed from executing against the assets of the Probank Entities or the Related Entities located in the United States.

7.     All persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets of the Probank Entities or the Related Entities located in the United States.

8.     All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody or control of property, or the proceeds thereof, of the Probank Entities and the Related Entities located within the territorial jurisdiction of the United States, shall immediately advise the Trustee by written notice sent to the Trustee at the following addresses:

Attn: Dr. Sérgio Mourão Corrêa Lima
c/o Henrique Forssell
Krikor, Kaysserlian, Duarte & Forssell Advogados
Av. Paulista 1499, cj 204, 2º andar
Bela Vista, São Paulo, SP
CEP 01311.928

With a copy to:

4

Attn: Gregory S. Grossman & Edward H. Davis, Jr.
Astigarraga Davis Mullins & Grossman, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such personal or entity.

       9.      The Trustee is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Probank Entities and the Related Entities pursuant to the procedure of FRBP 2004 and Local Rule 2004-1, without further order of this Court.

      10.      The Trustee, if permitted by the Brazilian Court, is authorized to operate the business that is the subject of the Probank Proceeding and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 363 and 552.

      11.      This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

# # #

Submitted by:

Gregory S. Grossman, Esq.
Annette C. Escobar, Esq.
ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282

Facsimile: 305-372-8202
E-Mail: ggrossman@astidavis.com
aescober@astidavis.com
asandoval@astidavis.com

Gregory S. Grossman shall serve a copy of the signed order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).

6

**Exhibit A**

**RELATED ENTITIES**

Consistent with Brazilian law, the Probank Proceeding has been extended to include the following entities and individuals:

1. Engetec Tecnologia, S.A.;
2. Multiplier Participações Ltda.;[2]
3. Investgroup Participações Ltda.;
4. Allig Investments Ltd.;
5. Prime Service Administradora e Corretora de Seguros Ltda.;
6. People Comunicação Ltda.;
7. E-Vote International LLC;[3]
8. Probank Software e Consultoria S.A.;
9. Tiverton Financial Inc.;
10. Probank Serviços Terceirizados Ltda.;
11. North Bay Comércio Ltda.;
12. Winbros Participações, Gestão e Empreendimentos Ltda.;
13. Sociedade Mineira de Pneus Ltda.;
14. Gama Comercial Automotiva Ltda.,
15. Pneus Beira Rio Ltda.;
16. Fratres Participações S.A.;
17. The Estate of Mr. Jacir Guimarães Esteves;
18. Mrs. Célia Maria Machado Guimarães Esteves;
19. Mrs. Peônia Guimarães Machado Martins;
20. Mr. Paulo Cezar Martins Júnior;
21. Mrs. Helon Machado Guimarães Esteves;
22. Mrs. Helusa Guimarães Machado Horta Bicalho;
23. Mr. Marco Túlio de Oliveira;
24. Mr. José Nazareno Machado;
25. Mr. Dimas Cendon Ferreira;
26. Mr. Wilson Nelio Brumer;
27. Mrs. Shirlene Nascimento Brumer;
28. Mr. Romeu Scarioli; and
29. Mr. Frederico Radicchi.

---

[2] The extension order as to Engetec Tecnologia, S.A. and Multiplier Participações Ltda. has been stayed pending appeal.

[3] E-Vote International LLC was formed in 2006 under the laws of the State of Florida. It was originally owned by Probank S.A., Mrs. Peônia Guimarães Machado Martins, and her husband, Mr. Paulo Cezar Martins Júnior.